CASE 23—ESTOPPEL—MAY 31, 1884.

# O'Dell v. Little.

APPEAL FROM JEFFERSON COURT COMMON PLEAS.

1. Appellant, Mrs. O'Dell, exchanged lands with her sister Mrs. Little, appellee, but appellant's husband did not join in the conveyance. Afterwards both appellant and her husband conveyed the land received by the exchange to another, and invested the proceeds in other property. Having disposed of the property received in exchange, she is estopped to recover the land conveyed by her without her husband.

2. Before appellant can recover she must restore the land she received or its equivalent.

3. The statute of limitations bars the appellant, inasmuch as more than eighteen years elapsed from the time she conveyed the property to her sister, the appellee.

BAKER & LONG FOR APPELLANT.

No brief.

GOODLOE & ROBERTS AND A. P. HUMPHREY FOR APPELLEE.

1. Having conveyed the exchanged property to another, appellant is estopped to claim the property in controversy.

2. Appellant's claim is barred by the statute of limitations. Gossom v. Donaldson, 18 B. Mon., 239; Medlock v. Suter, 80 Ky. Rep., 101; 10 Bush, 260; Bailey v. Bamberger, 11 B. Mon., 115; Bryant v. Pollinger, 6 Bush, 478; Petty v. Roberts, 7 Ib., 410; Hopson v. Boyd, 6 B. M., 300; 1 B. Mon., 291; Craddock v. Tyler, 3 Bush, 360; Connolly v. Branstetter, 3 Ib., 702.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

John P. Cochran at his death left surviving him his two daughters, Mrs. O'Dell, the appellant in this case, and Mrs. Eliza Little, the appellee, the husband of Mrs. Little being a party to the appeal. The real estate of the daughters was allotted to them, and conveyance made by which each was invested with title to her portion of the inheritance. After this was done, they ex-

changed their respective parcels, the one for the other. Mrs. Little and her husband conveyed to Mrs. O'Dell, and the latter conveyed to Mrs. Little.

After the conveyance to Mrs. O'Dell, she and her husband sold the lot in Louisville, conveyed to them by Little and wife, and invested the proceeds in other property. The conveyance evidencing the exchange between the two sisters was made in the year 1862, and at that time Mrs. O'Dell's husband was living, but failed to unite with her in the conveyance. He was no party to the deed, except his signature under that of the wife, and his acknowledgment afterwards made in conjunction with the wife before the clerk.

When the conveyances were made in 1862, Mrs. Little and husband took possession of their lot, and have been in the possession since that time. In 1873 the husband of Mrs. O'Dell died, and she was then dis-covert, and in 1881 instituted this action of eject-ment against her sister, Mrs. Little, for the recovery of the lot conveyed to the latter upon the ground that her husband, not uniting with her in the conveyance, it was absolutely void.

The appellees, Little and wife, filed an answer, rely-ing: First, on the statute of limitations; second, that the appellee, Mrs. O'Dell, having been invested with title, and having disposed of the lot conveyed her by her sister, is estopped by such acts from recovering the lot in controversy.

We can not well see how the plea of the statute of limitation is to be avoided, if the theory of the appel-ant is to prevail.

The entry on the land was not then under the title of

the *feme covert*, and it is urged that no title passed from the husband, and the appellees are to be regarded as going upon the land under a claim of right hostile to the appellants and all other claimants. They were on this land from 1862 until 1881, a period of near nineteen years, and eight years after the disability of coverture had been removed. The contract or conveyance being void, the right of entry on the part of the husband and wife existed in 1862. The statute provides, "that an action for the recovery of real property can only be brought within fifteen years after the cause of action first accrued to the plaintiff," &c. And further, that "if, at the time the right of any person to bring an action for the recovery of real property first accrued, such person was an infant, married woman, or of unsound mind, then such person, or the person claiming through him, may, though the period of fifteen years has expired, bring the action within three years after the time such disability is removed." See section 1 and 2 of article 1, chapter 71, General Statutes.

There was no life estate or curtesy sold by the husband that would prevent the statute from running, but an entry under a conveyance that appellant claims did not pass the title. Whether it did or not under our statute is involved in doubt, but we think it is manifest that the entry was under Mrs. O'Dell, and if the title is defective, the statute began to run at once, and the *feme* is only protected by the saving of three years embraced in section 2 of article 1 of chapter 71, General Statutes.

In Stephens v. McCormick, 5 Bush, this court held that where the husband sold the wife's inheritance

passing to her in the year 1837, that she was not barred, or the statute did not begin to run until the termination of the life estate of the husband, as she could not sue and had no right of entry until that event happened, but further said that if she had united with the husband in the deed and claimed that it was defective, that she must then sue within three years after the removal of her disability.

This is a much stronger case, as there was no impediment on the part of the husband and wife, and the entry was under the wife with the claim of an absolute title against both, and, therefore, the action must have been brought within three years after the husband's death, and if not, and the fifteen years have run, excluding the three years, the saving clause of the statute, the limitation is a complete bar to the recovery.

If this position is not tenable (but as to the correctness of the ruling we have no doubt), how is the appellant to escape the equitable defense relied on by the appellee. She has obtained her sister's land by an absolute conveyance; has passed this sister's inheritance by a conveyance to other parties, receiving herself the considerations, and is now asking her sister, the appellee, to surrender the land conveyed to her by the appellant for the reason that her conveyance is void. By the exchange of lands she makes herself the sole heir, or obtains the entire inheritance to the exclusion of the appellee, if a recovery is permitted in this case. She becomes invested with title to the whole, and having disposed of the one half seeks to recover the other. It does not follow that because the deed or contract of a married woman is void, that in a court of equity she

must be restored to her original condition regardless of the injury it inflicts on others. When she became invested with title to her sister's land she must have known, or will be presumed to have known, that she could not divest her sister of title by disposing of what she obtained from her to a stranger, and again divest that sister of what she attempted to convey to her in consideration for it, on the ground that the conveyance was void. Her disability will not relieve her from her fraud or enable her by such conduct to inflict such a wrong on her sister. This court in two cases reported in 5 Bush, has adjudged that a *feme covert* may be estopped by her own conduct, although incompetent to contract. See Craddock v. Tyler and Connelly v. Bronston, 5 Bush. Before the appellant could recover she should be required to restore the property or its equivalent even if the statute of limitation was not relied on; so in either view of the case, the judgment must be affirmed.