## Cress et al v. Conley.

(Decided May 3, 1911.)

### Appeal from Knott Circuit Court.

Lands—Oral Division of, by Father, Not Binding on Children—Action
to Recover Land—Evidence—An oral division of land by the
father was not binding upon his children. They could only hold
their interest by taking possession and residing upon it for a
sufficient length of time. In an action to recover land the judg-
ment awarding plaintiff title will not be sanctioned where the
evidence does not authorize it.

H. T. BAILEY for appellant.

J. M. BAILEY and W. W. WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

In 1861 David Conley patented 200 acres of land, and
in the same year he conveyed it in a body to his seven
children, naming them, jointly. It appears that after
this conveyance was executed and recorded, he divided
the land into seven parts and assigned a part to each of
his children. There was no written evidence of this div-
ision, but most of the children took possession of their
respective parts, and some of them still reside upon
their parts. It appears that appellee purchased from
Polly Conley, now the widow of Hicks, her part, which
she had never taken possession of. A. L. Conley says,
however, that he took possession of it, but the testimony
shows that he never occupied it. Appellant Cress mar-
ried one of David Conley's daughters and has resided
for twelve or-fourteen years on a piece of land adjoining
the land in controversy, his house being near to it. In
1891, David Conley, the old gentleman, conveyed this
land to appellant Cress for the stated consideration of
twenty-five bushels of corn per year so long as David
Conley lived. Appellant used and cultivated the land
and erected a grist mill on it. Appellee sued for the
land claiming it under his purchase from Polly Hicks.
He claimed to have a title bond from Mrs. Hicks but
never filed any, and his deed was obtained during the
progress of this section. Appellant claimed the land
under his purchase from David Conley but also had a
deed to it from John Conley from whom David Conley

said he purchased it, and he had never made David Conley a deed. Appellant says that David Conley claimed that this land was not included within the boundary of the 200 acre patent. The testimony of appellee and four or five of his brothers and sisters shows that the land in controversy is that part of the 200 acre patent set apart by David Conley to his daughter Polly Hicks in the division referred to. Appellant and his witness, John Conley tend to show by their testimony that it was not the part so set aside, but even if it were, their uncontradicted testimony shows a state of facts which make it inequitable to allow appellee to recover it. It appears without contradiction that John Conley claimed to be the owner of and in possession of a piece of land about one-half mile farther up the creek and on the head of Rock Fork Creek. A litigation arose between him and appellee with reference to that land; and appellee claimed in that action and proved he was the owner of it by reason of his purchase from Polly Hicks of her interest in her father's land. There is no claim in the record that Polly Hicks was assigned two pieces of land in the division referred to, and appellee recovered that piece of land as shown by a copy of the judgment filed in this record. It is further shown in this case without contradiction, that appellant was in the actual possession of the piece of land in controversy which is one-half mile or more below the piece of land that was in controversy in that action, during all the time that litigation was in existence. Neither appellee nor his witnesses attempt to explain this matter in any manner. Their testimony amounts only to the positive statement that the land in controversy was set apart to Polly Hicks, and they appear to have a preponderance of the testimony to that effect, but it would be wrong to allow appellee to recover two shares of his father's land upon one purchase from Polly Hicks. This might have been explained to the satisfaction of the court, but it was not.

The oral division made by the father was not binding; the children could only hold their interest, as before stated, by taking possession and residing upon it for a sufficient length of time. See Wooten v. Murrell, et al., 134 Ky., 40; 119 S. W., 191; O'Dell v. Little, 82 Ky., 146. Under these authorities and fact, we cannot sanction the judgment of the lower court. It is, therefore, reversed.