CAMPBELL
vs
THOMAS.

---

EJECTMENT.

Case. 31.

January 4.

Case agreed by the parties.

## Campbell *vs* Thomas.

### ERROR TO THE NICHOAS CIRCUIT.

*Ejectment. Limitation. Possession.*

JUDGE SIMPSON delivered the opinion of the Court.

THIS is an action of ejectment by Thomas against Campbell. The parties agreed the following facts :— That the defendant, or those under whom he claims, in the year 1816, entered and settled upon a demarked boundary of land, containing about one hundred and seventy acres, without title, but claiming to the marked boundary, and has so continued to hold and claim ever since. The land was surveyed previous to the settlement, and in the same year, but the survey was private and unofficial. The original settler under whom Campbell claims, made his entry and settlement with a view of obtaining from the Commonwealth a valid title to the land embraced by the survey and marked boundary, but has never obtained it.

In 1823, Thomas procured a grant from the Commonwealth for about one hundred acres of land. This

patent covers about twenty four acres of the land included in the defendant's survey, which is the land in contest in this suit. Thomas, in the year 1825, entered upon his patent boundary, but outside of the interference, and has resided upon the land ever since, claiming to have entered and to hold to the extent of his patent boundary.

Neither the lessor of the plaintiff, nor the defendant, or those under whom he claims, ever made any improvement upon, or enclosed any part of the interference, until the defendant, shortly before the commencement of the present suit, enclosed the land in contest. The defendant, and those under whom he claims, occasionally took fire wood, and cut and sold timber trees off the interference, from 1816 until it was enclosed. The lessor of the plaintiff had never used it in any manner. This suit was brought in October, 1846.

Upon these facts, the case was submitted to the Court, without a jury, and a judgment having been given in favor of Thomas, it has been brought to this Court by Campbell, for revision.

The extent of the defendant's possession in 1823, when Thomas obtained his patent, is the point upon which the contest mainly depends.

The land was vacant in 1816, when originally settled on by the individual under whom the defendant claims. Having surveyed and laid off one hundred and seventy acres, and entered and settled upon it, with the intention of taking possession of the whole, he gained, according to the repeated adjudications of this Court in similar cases, where the entry was made under color of title, a possession to the extent of his marked boundary: (4 *Bibb*, 564; 2 *Marshall*, 19; 3 *Ibid*, 30 *and* 545.)

*Entering upon land which is vacant, and marking a boundary with the intention of taking possession, gives a possession coextensive with the bounds marked out. (4 Bibb, 564; 2 Marshall 19; 3 Ib. 30 and 545.)*

But it is contended, that in this case, inasmuch as the title was in the Commonwealth, against whom no disseizin can be made, that the possession so taken should be limited to the actual inclosure.

This argument however, if it proves any thing, proves that there was no possession whatever. For if the possession is not to be extended, because it would have the effect of working a dissezin, which it could not do, then

the entry and occupation gave no possession, because to allow it to have this effect, would enable a settler to disseize the Commonwealth by actual occupation.

But, the possession of lands belonging to the Commonwealth, does not prejudice her right in any degree, or operate as a disseizin. Such possession is held in complete subordination to her title. It was taken in this instance under the encouragement and invitations given by the Commonwealth, through her legislation regulating the settlement and occupation of her vacant and unappropriated lands, and looking to her for a title upon the terms she had prescribed. We can perceive no good reason why a possession taken under such circumstances, should not, in ascertaining its extent, be governed by the rules which have been applied to other cases, where a possession had been taken without title, such possession was held to extend to the ascertained limits of the claim.

*The possession fo lands belonging to the Commonwealth does not, in any degree, prejudice her right or operate as a disseizin—though the possessory right is nevertheless coextensive with the limits of the claims.*

As then the person in possession claimed to a marked and visible boundary, the land being vacant and unappropriated when he settled and took possession, his actual possession was coextensive with that boundary.

Inasmuch, however, as the settler did not comply with the requisitions of the legislative enactments on the subject, he acquired no pre-emptive right by his settlement, and the land was subject to appropriation by other persons, at the time Thomas obtained his grant from the Commonwealth. The previous possession of the occupant did not therefore affect to any extent the title which Thomas derived from the Commonwealth. The title was complete and perfect when he obtained it, and was not prejudiced by the previous possession, which forms no part of the bar against his claim, and cannot be relied upon for that purpose.

*But if a setler fail to comply with the requisitions of the law under which he entered, he acquires no pre-emptive right by his settlement, and the land is subject to appropriation*

Inasmuch, however, as the occupant claimed the land as his own, his possession, according to the doctrine uniformly held by this Court on the subject, became adverse to Thomas, so soon as he obtained his patent, and if he permitted such adverse possession to continue uninterrupted for twenty years, without entry or suit by him to divest it, it forms a complete bar to his possessory right.

More than twenty years had elapsed before the commencement of this action of ejectment, from the date of his patent. The entry which he made in the year eighteen hundred and twenty-five, being outside of the interference, and not on the defendant's possession, did not oust the occupant, or invest Thomas with the possession of the land in controversy. The doctrine settled in the case of *Fox* vs *Hinton*, (4 *Bibb*, 559,) that an entry, to give a possession which is vested in another, operates by divesting the previous possession, and this it cannot do unless made upon the possession which is to be divested, has been recognized since in numerous decisions, and must be regarded now as too well settled to be questioned. The argument of the talented counsel for the defendant in error, in opposition to this doctrine, is able and ingenious; still we think the decisions of this Court on the subject, are fully sustained by principle and authority.

Wherefore, the judgment of the Court below is reversed, and cause remanded for a new trial in conformity with the principles of this opinion.

*McClung & Taylor* for plaintiff; *G. Davis* for defendant.

PORTLAND
*vs*
ROWAN's Ex'RS.

by others—and a grant to another is not affected by a previous possession. But becomes adverse to that of a subsequent grantee from the Commonwealth from the date of the patent, and if permitted for 20 years, bars him. No entry divests a previous possession unless made upon the possession which is to be divested. (4 *Bibb*, 559.) It must be within the interference.