## Muse v. Payne.

(Decided June 1, 1911.)

### Appeal from Fleming Circuit Court.

Trespass—Injunction—One who neither owns nor is in possession of land, can not enjoin trespass thereon.

J. B. CUMBER and B. S. GRANNIS for appellant.

DAVID DURBIN and JOHN P. McCARTNER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Alleging that she was the owner and in possession of a tract of land consisting of about fifty-two acres, located in Fleming County, Kentucky, appellee, Maggie Payne, brought this action to enjoin appellant, S. E. Muse, from cutting timber and from otherwise trespassing thereon. Appellant, by answer, denied the title of appellee, and also pleaded that the land in controversy was vacant and unappropriated land, and that he, by application to the Fleming County Court and paying the price allowed by said court, had obtained orders from the court, on December 6, 1907, and on April 8, 1908, authorizing him to enter the land in controversy as vacant and unappropriated land, and that he, by virtue of said orders, was entitled to the use, ownership and possession of the land. To this paragraph of the answer the court sustained a demurrer. Subsequently, appellant filed an amended answer, in which he set forth the facts with reference to obtaining orders from the Fleming County Court to enter the land as vacant and unappropriated, and also pleaded that he had, in pursuance of said orders, obtained a patent from the Commonwealth to the land in question. This patent was filed with his second amended answer. The chancellor granted appellee the relief prayed for, and from that judgment this appeal is prosecuted.

The land in question was conveyed to appellee by her father, J. W. Horner, by a deed dated June 23, 1896. This is the only deed appearing in the record. There is some proof that, some time after 1885, her father acquired the land in some way and claimed to own it.

Two witnesses testified that appellee's father had possession of the land. When all the facts are considered, however, it is evident that they were merely expressing an opinion, without knowing what constitutes possession. The evidence shows that J. W. Horner resided about a mile from the land; he never occupied it, never cultivated it, and never had a tenant residing upon it. On two or three occasions he cut timber from the land. This is the extent of his possession. After appellee acquired the land, she never occupied it, either by herself of by tenant; nor did she ever cultivate it in any manner. On the contrary, she lived in Cynthiana, many miles from the land in controversy. The only proof of ownership besides the deed in question, is the fact that, after obtaining the deed, she paid the taxes on the land for a number of years.

There are only two ways of proving title: One by record title from the Commonwealth; the other by open, notorious, adverse, continuous and peaceable possession for a period of fifteen years. As appellee's grantor did not connect his title with the Commonwealth, and, as the only possession shown by appellee and her father, through whom she claims, has been the occasional cutting of timber, which is not sufficient to establish title by adverse possession (Courtney v. Ashcraft, 105 Ky., 106; Overton v. Overton, 96 S. W., 469), it follows that appellee failed to show title to the land.

While it is true that, under section 2361, of the Kentucky Statutes, the owner of land, though he may not be in the actual possession thereof, may maintain an action to recover damages for trespass or to restrain trespass; it has never been held that one who neither owns nor is in possession of the land trespassed upon, may maintain such an action. This doctrine does not conflict with the rule laid down in Meehan, et al. v. Edwords, 92 Ky., 578, and Coppage v. Griffith, 19 Ky. Law Rep., 459. In each of those cases the parties seeking relief were held to be the owners, and, therefore entitled to maintain the action notwithstanding the fact that they were not in possession. As appellee failed to show that she owned the land or was in possession thereof, either when the trespass was committed or when the action was instituted, it follows that she could not maintain the action.

As appellant pleaded title only for the purpose of defeating appellee's action, and did not make his answer a counterclaim against her, it is not necessary to consider the sufficiency of his title.

Judgment reversed and cause remanded, with directions to dismiss the petition.