## Kentucky Coal Lands Company v. Wilder.

(Decided June 8, 1915.)

### Appeal from Harlan Circuit Court.

Adverse Possession—Pasturing of Stock.—The mere pasturing of live stock on uninclosed land is not sufficient to constitute adverse possession.

J. C. JONES for appellant.

C. G. RAWLINGS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, Kentucky Coal Lands Company, brought this action of ejectment against John Wilder, to recover a tract of about 50 acres of land, located in Harlan County, on the Deby or Dale Branch of Poor Fork, a tributary of Cumberland River. From a verdict and judgment in favor of defendant plaintiff appeals.

It is admitted that plaintiff has title of record to the land in controversy. Defendant claims by adverse possession.

The only question presented is, whether or not defendant's evidence of adverse possession is sufficient to take the case to the jury.

Defendant purchased the land from W. C. L. Huff and wife by deed dated November 21st, 1895, and recorded in the Harlan County Clerk's office on December 12th of the same year. How Huff acquired title does not appear. Under our rule, a party, in addition to complying with the other requirements of adverse possession, must claim to a well-marked or well-defined boundary. A deed of record, conveying the land and describing it so that it can be identified with reasonable certainty, is sufficient compliance with the requirement that the claim must be to a well-defined boundary. The description in the deed relied on by defendant is, we think, sufficient.

After defendant obtained the deed in question he hewed some logs during the winter of 1895 and 1896 and built a house. After completing the house he did some fencing and clearing. He also put in some corn and tobacco. This was done during the first year. The next year he had a tenant on the place by the name of Lewis

Nolan. Nolan lived there either four or six years. After Nolan moved away defendant lived there "the biggest part of two years." During that time he cleared some land and built a barn. He also set out a peach orchard. On further examination it appears that defendant lived there only one year, but did put in a crop for the year succeeding his departure. The following year he and his brothers-in-law pastured the land. He also did some fencing. After that he let Jim Sargent have the land for a year. Jim Sargent used it for pasturing. During that time the fencing was straightened up. The next two years William Wilder lived on the place. After William Wilder left, defendant and Wilder went back and fed out some crops. After that Jane Sargent lived on the place. She raised some corn and lived there for a year. The following year she "tended" the crop. After she left the defendant "pastured it." He also straightened the fencing. It further appears that the fencing spoken of is immediately around the log cabin. There is no fence around the outside boundary. The most that can be said for defendant's evidence is that he, or someone for him, either occupied the premises or raised crops thereon for either nine or eleven years. During the rest of the fifteen years the land was merely pastured. To acquire title by adverse possession, the possession must have been not only open, notorious, adverse and peaceable, but continuous. Smith v. Chapman, 160 Ky., 403; White v. McNabb, 140 Ky., 828. In this case, the number of years that the defendant and his tenants actually occupied the premises or cultivated the land did not equal the statutory period of fifteen years. To complete the period it is necessary to add the years that this land was merely pastured. It is the rule in this State that the masting of hogs or the grazing of cattle on uninclosed land will not constitute adverse possession. Hall v. Blanton, 77 S. W., 1110, 25 Ky. Law Rep., 1400; Courtney, et al. v. Ashcraft, et al., 105 S. W., 106, 31 Ky. Law Rep., 1324. Such acts are in the same category with other fitful acts of possession, such as the occasional cutting of timber, or the mowing of hay, or the digging of coal, or the establishment of a sugar camp for a short period of time, which are generally regarded as insufficient to sustain a plea of limitation. 2 C. J., 67, 68. As the time which the land was used only for pasturing purposes cannot be counted on the question of

adverse possession, and as defendant's own evidence shows that he was not in the adverse possession of the land for the statutory period, it follows that the trial court should have peremptorily instructed the jury to find for plaintiff.

Judgment reversed and cause remanded for a new trial consistent with this opinion.