## H. F. Davis & Company v. Sizemore, et al.

(Decided December 20, 1918.)

### Appeal from Breathitt Circuit Court.

1. Adverse Possession—Question for Jury—Question for Court.— While ordinarily the question of adverse possession is for the jury, yet where the facts are admitted and ordinarily sensible men can draw but one reasonable conclusion therefrom, the question becomes one of law for the court.

2. Adverse Possession—Evidence—Sufficiency.—One cannot acquire title by adverse possession to a tract of land by marking a boundary around it and claiming to the extent of his boundary, where his only acts of physical possession consisted in the erection of a dam across a small stream, the construction of a small water mill thereon, and the intermittent use and operation of the mill to grind corn for the community at such times as the water for that purpose was sufficient, such acts not being sufficient to indicate such an intention to appropriate additional land as to put the owner upon notice of the fact that such party had marked a boundary around his land and was claiming to the extent of that boundary.

G. W. FLEENOR for appellant.

KASH & BACH for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Alleging that they were the owners of a tract of land containing one hundred acres and located in Breathitt county, on the left hand fork of Wolf creek, plaintiffs, Peggy Sizemore and her children, brought this suit against H. F. Davis & Company, a corporation, to recover damages in the sum of $3,000.00, for cutting and removing the timber therefrom. A trial before a jury resulted in a verdict and judgment for plaintiffs in the sum of $1,000.00. Defendant appeals.

Plaintiffs are the widow and children of Thomas Sizemore, deceased. About the year 1880, they and their father were living on a tract of land located about a mile from the tract in controversy and separated therefrom by an intervening tract owned by another. According to the evidence for plaintiffs, Thomas Sizemore, in the early eighties, erected a dam across the creek on the land in controversy and built thereon a small mill house, 14 by 14 square, and put in a set of grist burrs with which to grind corn. He never cleared or cultivated any of the land, but his son-in-law felled a few trees and built thereon a small cabin which was never occupied. It further appears that some time later he marked a boundary around the land in controversy, and claimed to the extent of this boundary. He occasionally cut timber from the land for the purpose of making boards, canoes, etc. From the time the mill was built he used it for the purpose of grinding corn for the people of the community when there was sufficient water for that purpose. Sometimes Thomas Sizemore and his sons slept and ate in the mill. Thomas Sizemore was killed in the year 1896. Thereafter, John Stidham, his son-in-law, attempted to move into the unoccupied cabin near the mill, but John Aikman, through whom defendant claims, objected and the cabin was never occupied. After Thomas Sizemore's death, his children ran the mill for about two years and until it burned down, when they and their mother moved to Jackson county. After that, sixteen years elapsed before this suit was brought.

In a case like this, plaintiffs can recover only on the strength of their own title and not on the weakness of the defendant's title. Ashcraft v. Courtney, 121 S. W. 625. Their claim to title is based solely on adverse possession. To establish title by adverse possession, the evidence must show that the possession was open, notorious, ex-

clusive, hostile, continuous and adverse for a period of fifteen years before the bringing of the action. To this end, there must have been such open and notorious acts of physical possession as would put the owner upon notice of the assertion of a hostile claim. Whitley County Land Co. v. Power's Heirs, 146 Ky. 801, 144 S. W. 2, and such possession must have been so continued as to furnish a cause of action every day during the whole period. Campbell v. Thomas, 9 B. Monroe, 82. Hence, it has been often held that the mere building of an unoccupied cabin on the land, or the masting of hogs or the ranging of cattle thereon, or the conducting of a sugar camp, at intermittent periods, or the occasional cutting of timber therefrom, is not sufficient to show adverse possession. Courtney v. Ashcraft, 105 S. W. 106; Hall v. Blanton, 77 S. W. 1110; Muse v. Payne, 144 Ky. 30, 137 S. W. 788; Kelly v. Bicknell, 147 Ky. 401, 144 S. W. 88; Smith v. Chapman, 160 Ky. 400, 169 S. W. 834. While it is true that, under our law, one may enter upon land and acquire title thereto by occupying a portion of it and claiming the remainder to a well marked boundary, for the statutory period, yet such occupancy must be continuous and of such character as to apprise the owner of a hostile claim to the entire tract. Since the building of the unoccupied cabin and the occasional cutting of timber from the land did not show an adverse holding, these elements may be laid aside. When this is done plaintiff's case rests solely on the intermittent use of the water mill. If the true owner sees one living on his land, or enclosing it, or regularly cultivating it, he is charged with notice of the fact that such person is asserting a hostile claim, and if such person has marked a well defined boundary around the land, this is notice of the extent of his claim; but when the owner sees one merely operating a water mill on a small stream running through his land, and confining his acts of ownership to the use of the water for that purpose, such acts do not indicate such an intention to appropriate additional land as to put him upon notice of the fact that such party has marked a boundary around his land and is claiming to the extent of that boundary. While ordinarily the question of adverse possession is for the jury, yet where the facts are admitted and ordinarily sensible men can draw but one reasonable conclusion therefrom, the question becomes one for the court. Kentucky Coal Lands Com-

pany v. Wilder, 165 Ky. 293, 176 S. W. 1155.   In our opinion, the mere operation of the water mill at such times as the water was sufficient, accompanied by a claim of the entire tract to a well marked boundary, was not sufficient to constitute an adverse holding of that portion of the land from which the timber was cut.   That being true, plaintiff showed no title to the timber in question, and the trial court should have directed a verdict in favor of the defendant.

Judgment reversed and cause remanded for a new trial consistent with this opinion.