## Bibb v. Daniels.

(Decided March 21, 1919.)

Appeal from McLean Circuit Court.

1. Adverse Possession—Requisites.—To acquire title by adverse possession, the possession must not only be actual, but so continued as to furnish a cause of action every day during the whole period prescribed by the statute.

2.   Adverse Possession—Evidence—Sufficiency.—The occasional cut-
ting of timber, or the feeding of hogs on the land, or the plant-
ing of a crop now and then, is not sufficient to show adverse pos-
session.

3,   Adverse Possession—Jury Question.—Ordinarily, the question of
adverse possession is for the jury, but where the facts are ad-
mitted, and ordinarily sensible men can draw but one reasonable
conclusion therefrom, the question is for the court.

R. W. SLACK and W. A. TAYLOR for appellant.

L. P. TANNER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Reversing.

Alleging that he was the owner, and in possession of,
a certain described tract of land located in McLean
county, and that the defendant, William E. Bibb, had en-
tered thereon and cut and removed certain timber
therefrom, and destroyed the fencing on the land, plain-
tiff, J. P. Daniels, brought this suit to recover damages
in the sum of $1,023.30. Defendant denied the title of
plaintiff and pleaded title by adverse possession and by
virtue of a patent issued to him by the Commonwealth
on March 31, 1914, and prior to the bringing of the action.
On motion of plaintiff, the allegation respecting the pat-
ent was stricken from the answer. The jury found that
plaintiff was the owner of the land in controversy and
awarded him damages in the sum of $75.00. The defend-
ant appeals.

The only way in which title to land may be acquired
is by paper title from the Commonwealth, or by adverse
possession. Hellard v. Hubbard, 160 Ky. 304, 169 S. W.
727. Though plaintiff introduced several deeds extending
back over a period of many years, he did not attempt to
prove a paper title from the Commonwealth. On the
contrary, his case was rested on adverse possession, and
this was the only issue submitted to the jury. As bear-
ing on this issue, he introduced a deed from the commis-
sioner dated January 9, 1907, and conveying a certain
tract of land to him, Maurice Everly and R. E. Stringer,
also a deed from R. E. Stringer and E. C. Bryant to him
dated August 10, 1910, together with other deeds not nec-
essary to be set out. On his direct examination he testi-
fied that he had been in the actual, adverse and continu-

ous possession of the land since 1907, but stated on cross-examination that he cut some timber off the land in 1907, that a man by the name of Cobb had raised two gardens and potato patches on it in the years 1910 and 1911, that a man by the name of Miller was then raising a crop on it, and that at certain times he had tenants on the land and a saw mill and machinery. R. E. Stringer testified that he and Allen Bryant bought the land in partnership and took possession of the land. In describing the character of his possession, he said, "We cut the timber off and used it whenever we wanted to. Nobody disputed it and I was on it every week. I had some hogs back there and I would go back there and feed them." The rule is, that to acquire title by adverse possession, the possession must not only be actual but so continued as to furnish a cause of action every day during the whole period prescribed by the statute, White v. McNab, 140 Ky. 828, 131 S. W. 1021, and the occasional cutting of timber, or the feeding of hogs on the land, or the planting of a crop now and then is not sufficient to show adverse possession. Courtney v. Ashcraft, 105 S. W. 106; Hall v. Blanton, 77 S. W. 1110; Muse v. Payne, 144 Ky. 30, 137 S. W. 788; Kelley v. Bicknell, 147 Ky. 401, 144 S. W. 88; Smith v. Chapman, 160 Ky. 400, 169 S. W. 834. While, ordinarily, the question of adverse possession is for the jury, yet where the facts are admitted and ordinarily sensible men can draw but one reasonable conclusion therefrom, the question becomes one for the court. H. F. Davis & Co. v. Sizemore, et al., 182 Ky. 680, 207 S. W. 16; Kentucky Coal Lands Co. v. Wilder, 165 Ky. 293, 176 S. W. 1155. Here, the evidence shows no continuous use or occupancy of the land. It merely shows that plaintiff and those through whom he claims made only occasional entries on the land for temporary purposes, and was not sufficient to establish title by adverse possession. It follows that defendant's motion for a peremptory instruction should have been sustained.

Judgment reversed and cause remanded for a new trial consistent with this opinion.