## Ahart v. Wilson.

(Decided December 8, 1925.)

### Appeal from Trigg Circuit Court.

1. Adverse Possession—Elements of Title by "Adverse Possession" Stated.—To establish title by "adverse possession," possession must be open, notorious, exclusive, hostile, continuous, and adverse for 15 years, and there must have been such open and notorious acts of physical possession as would put owner on notice of assertion of hostile claim.
2. Adverse Possession—Holding and Enjoyment of Land, Under Claim of Right Inconsistent with Any Other Claim Necessary.— Title by adverse possession can only be acquired by actual holding and enjoyment of land under claim of right which is opposed to and inconsistent with any other claim.
3. Adverse Possession—Distinction Between Title by Prescription and Title by Limitation Stated.—A prescriptive title rests upon presumption of grant, and confers positive title, whereas statute of limitation operates not so much to confer positive title as to bar remedy, and applies only where there has been a disseizin or actionable invasion of real owner's possession.
4. Adverse Possession—Evidence Held to Sustain Finding that Plaintiff Had Acquired Title to Disputed Strip of Land by Adverse Possession.—In action to quiet title to strip of land lying along property line between plaintiff and defendant, evidence held to support chancellor's finding that plaintiff had acquired title thereto by adverse possession.

G. W. RYAN and W. H. COOK for appellant.

JOHN T. KING and G. P. THOMAS for appellee.

Opinion of the Court by Judge Sampson—Affirming.

Appellee, Wilson, brought this suit against appellant, Ahart, in the Trigg circuit court, to quiet his title to a boundary of about twenty (20) acres of land lying along the property line between him and appellant, and to recover about $350.00 damages for the wrongful cutting of timber by appellant, Ahart. The latter answered and asserted title to the land from which the timber was cut, admitting the cutting. Both parties relied upon title by adverse possession for the statutory period, and both attempted to establish their claim by evidence. The cause was prepared and tried in equity, the court adjudging the land to appellee, Wilson, and holding that appellant, Ahart, had no right, title or interest in or to the lands from which the timber was cut. From this judgment Ahart appeals.

We have held that to establish title by adverse possession the evidence must show that the possession was open, notorious, exclusive, hostile, continuous and adverse for a period of fifteen (15) years before the bringing of the action. To this end there must have been such open and notorious acts of physical possession as would put the owner upon notice of the assertion of the hostile claim. Davis v. Sizemore, 182 Ky. 682. Title by adverse possession can only be acquired by the actual holding and enjoyment of land under a claim of right which is opposed to and inconsistent with any other claim. Sackett v. Jeffries, 182 Ky. 696. There is a clear distinction between title by prescription and title by limitation. A prescriptive title rests upon the presumption of a grant and confers a positive title. The statutes of limitation operate not so much to confer positive title on the occupant as to bar the remedy, hence it is said to be properly called a negative prescription, i. e., it applies only when there has been a disseizin or some actual invasion of the real owner's possession. Both appellant and appellee also assert title in the instant case from a common source.

Appellant, Wilson, as plaintiff, testified and called witnesses to prove that about the year 1891 he purchased at public auction the tract of land he now claims and immediately thereafter took possession of the entire tract to a well marked and defined boundary; that on February

27, 1892, he placed his deed to record in the office of the clerk of the Trigg county court; that he was acquainted with the property line at the time he purchased same by having seen the same run by a competent surveyor; that before he purchased the land it was owned by the Bogard heirs and that there was a controversy between the Bogard heirs and appellant, Ahart, as to the location of the division line; that the controversy was settled by straightening the line, Ahart taking a strip of about sixteen acres of land belonging to the Bogards and the Bogards taking the strip now in controversy; that appellant, Ahart, entered into possession of the sixteen acres and has since held and claimed the same under that title and that the Bogard heirs entered into possession of the small tract now in controversy and claimed it as part of their entire boundary, and when the boundary was sold it was included in the survey, appellee, Wilson, becoming the purchaser; that at the time it was surveyed appellant, Ahart, was present and accompanied the surveyors and witnessed the fact that the strip of land now in controversy was awarded to the Bogards; that appellee, Wilson, had been in the actual, adverse and exclusive possession of the tract in controversy ever since his purchase in 1892, claiming and holding it against appellant and the whole world to a well marked and defined boundary.

Appellant, Ahart, disputed in part the testimony of appellee, Wilson, saying that he did not consent to the straightening of the line between the Bogards lands and appellant's lands, at least he did not consent to the straightening of that part of the line which gives to the Bogards the twenty (20) acres now in controversy; that he had in actual possession the sixteen acres which belonged to the Bogards long before the surveyor attempted to establish the line upon which appellee relies; that appellant has had actual possession at least part of the time of the twenty acres now in controversy, claiming it as his own; that he has frequently entered upon the lands and cut timber and made cross-ties and otherwise used the land; that it is not under fence and that there is no plainly marked boundary line around it so as to include it in a larger tract claimed by appellee, Wilson. He is in part sustained in his testimony by other witnesses. The chancellor heard and considered all this evidence and concluded that the plaintiff, now appellee Wilson, had manifested a title to the land in controversy by ad-

verse possession, and so decreed. There is abundant evidence to support the chancellor's finding. In such case this court is not authorized to disturb the judgment. It is therefore affirmed.

Judgment affirmed.