## Lykins v. Keeton.

(Decided May 20, 1930.)

LEEBERN ALLEN and E. B. ARNETT for appellant.

CALLOWAY HOWARD, W. R. PRATER and H. H. RAMEY for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Affirming.

The appellant, Shilo Lykins, brought this suit against the appellee, Henry Keeton, to quiet his title to a certain 12 acres of land in Magoffin county; also to enjoin trespass. The issue before us is whether the appellant was entitled to a judgment establishing his title through adverse possession.

In 1908, in a suit between Hacker and others against Riley Keeton, a line was established between their properties. In March 1909, Hacker conveyed his land to appellant and included in the conveyance the 12 acres in controversy, which is woodland about a quarter of a mile from the dwelling houses of both parties. It was then in the actual possession of Keeton, and since it is not here contended otherwise, it is apparently conceded by the appellant, as it should be, that his deed to this extent was champertous and void. Section 210 Ky. Stats. Appellant proved that during a period of more than fifteen years he had been claiming the parcel, and that his family and tenant secured firewood from it and cut a few trees for fence rails and paling with which to cover his house. His witnesses all state the conclusion that he was claiming the property "openly and adversely to all the world," but there is little testimony as to facts warranting that conclusion. It is testified that Robert Hawkins, the appellant's son-in-law, cut a number of big trees on the parcel during this period; but the other side proved, without objection, by Robert's brother that Robert showed him the stumps of those trees and they were clearly on appellant's own property. The son-in-law lived within three hundred yards of appellant, but was not called upon to testify in the case.

On the other hand, the appellee proved that he acquired title to the parcel from his father, Riley Keeton, and his brothers and sisters; that a wire was run along the line established by the former judgment and remained there for four or five years when some unknown person cut it away, leaving, however, portions of the wire attached to the boundary trees. He proved that he also had obtained firewood and cut a few trees on the land.

It is the fixed rule that, in order to establish title by adverse possession, the evidence must show visible, open, and notorious acts of physical possession, evincing a purpose to hold dominion over the property in hostility

to the owner of record title and to put him upon notice of the assertion of an adverse claim. It does not consist of mental conclusions or intentions. The occasional entry upon the land and the cutting of timber is an incident of adverse possession, but is not sufficient in itself to defeat the title of the true owner. H. F. Davis & Co. v. Sizemore, 182 Ky. 680, 207 S. W. 16; Tennis Coal Co. v. Sackett, 172 Ky. 729, 190 S. W. 130, Ann. Cas. 1917E, 629; Bibb v. Daniels, 183 Ky. 659, 210 S. W. 454; Asher v. Gibson, 198 Ky. 285, 248 S. W. 862.

The evidence in this case falls far short of meeting the demands of the rule stated. Hence the judgment is affirmed.