## UNITED STATES v. CERTAIN LANDS (DAVIS et al., Interveners).
### No. 243.

District Court, W. D. Kentucky, Bowling Green.

Oct. 6, 1938.

John B. Rodes (of Rodes & Willock), of Bowling Green, Ky., for M. L. Charlet and Janin heirs.

Dowling & Baird, of Munfordville, Ky., for Berry and Mollie Davis.

SWINFORD, District Judge.

The parties herein are seeking to establish their claim to an award by commissioners appointed by the Court on land condemned by the United States in the Mammoth Cave National Park.

There are three claimants: M. L. Charlet, who claims under a deed from Mrs. Violet Blair Janin, of date January 7, 1932; Berry and Mollie Davis, his wife, who claim under a deed from Ed Locke, of date May 16, 1927; and the heirs of Violet Blair Janin, whose claim is sought to be

established by deeds executed in 1913, and also by prescriptive use.

The facts briefly are these: The land is in two tracts, one 11½ acres and the other of 5 acres. Both of these number of acres are approximate. M. L. Charlet and the heirs of Mrs. Janin offer proof to show that Mrs. Janin inherited this land from her husband, Albert C. Janin, by will. That Albert C. Janin acquired title by deeds from the grantees of B. C. Richardson in 1913. That he took possession of the land at that time and remained in continuous adverse possession of it until his death in 1928. That the record of the early deeds is destroyed by reason of a fire that destroyed the county court house and the deeds destroyed by a fire which burned the hotel in which Albert C. Janin lived and in which his papers were kept.

Berry and Mollie Davis offer proof to show that the land was acquired by Ed Locke, their immediate predecessor in title, by a deed from B. C. Richardson, of date August 13, 1910. That they moved upon the land at the time Ed Locke deeded it to them and that they lodged the deed for record on October 11, 1927, in the Hart County Court Clerk's office, the county in which the land lay. That they had claimed ownership openly and notoriously and had been in possession ever since the purchase and were so at the time of the execution of the deed by Mrs. Janin to M. L. Charlet.

It is also developed in the case that one Jim Laslie had rented this land from Albert C. Janin in about 1920 or 1921 and had lived there as a tenant of Janin's for several years. That he made some kind of a monetary deal with Davis at the time Davis took possession, for some improvements he had put upon the land. Laslie testifies that the land belonged to Janin and that when he moved off in order for Davis to take possession that he and Davis arranged their money matters only after a visit to Mrs. Janin, who was attending to the business of her husband, Albert C. Janin, and that Mrs. Janin and Davis agreed to pay him for these improvements. Davis admits the monetary consideration, but denies the visit to Mrs. Janin. It further appears that Albert C. Janin paid the taxes on this 16½ acres of land for several years and that no other person offered to pay the taxes prior to 1927, when Davis took possession. Davis paid the taxes after that time.

From these facts it seems clear that the deed from Violet Blair Janin to M. L. Charlet was champertous and void.

Where an adverse claimant is in the actual possession and occupancy of land or any part thereof, when a subsequent purchase occurs, the subsequent purchaser is deemed to have constructive notice of the title under which the claimant occupies the premises. This possession is a fact putting all persons on inquiry. Section 210 of Carroll's Kentucky Statutes Baldwin's 1936 Revision provided in part as follows: "All sales or conveyances, including those made under execution, of any lands, or the pretended right or title to the same, of which any other person at the time of such sale, contract or conveyance, has adverse possession, shall be null and void."

The proof is abundant and hardly admits of dispute that Davis and his wife had possession and claimed title from the time they moved on the land and put the deed to record.

It is stated in Phillips v. American Association, Inc., 259 Ky. 402, 82 S.W.2d 456, 457: "To make a deed champertous, and therefore void, under the provisions of section 210 of the Statutes, the possession of a third party need not have been for any specific length of time for it is sufficient if it was such as would have ripened into title by reason of its adverse character if it had continued uninterruptedly for the prescribed period. The evidence to support a claim of champerty must show clearly and convincingly that there was at the time actual, visible, notorious, exclusive, and hostile possession. Adams v. Adams, 194 Ky. 202, 238 S.W. 386; Nelson v. Johnson, 189 Ky. 815, 226 S.W. 94; Lanham v. Huff, 228 Ky. 139, 14 S.W.2d 402; Pond Creek Coal Company v. Hatfield, 228 Ky. 806, 16 S.W.2d 442; Lykins v. Keeton, 234 Ky. 421, 28 S.W.2d 472."

I am further of the opinion that regardless of the deeds claimed to have been executed to Albert C. Janin, he had title to the land by adverse possession.

There is much conflicting testimony, but it is evident that Jim Laslie was the tenant of Janin and that Davis made certain arrangements with Laslie which should have put him upon his guard that the title to Ed Locke was not valid in the face of the adverse possession of Janin. Legal precedents in cases of this character are

of little value as the facts of each case must determine the judgment.

 The intervening petitioners, Phillip Blair Lee, Edith Blair Staton, Minna Blair Hollyday, Dr. Montgomery Blair, Jr., Virginia Blair Brooke, William Draper Blair, Ellen Blair Jackson and Charles Woodbury Blair, should recover the amount of the award.

Counsel for Davis contends that the intervening petitioners are too late in making their complaint, but he does not state clearly on what theory he bases this defense.

I call counsel's attention to the Rules of Civil Procedure, rule 24, 28 U.S.C.A. following section 723c. Since this case was pending on September 16, 1938, at which time the Federal Rules of Civil Procedure became effective, I also call counsel's attention to rule 86, 28 U.S.C.A. following section 723c.

Appropriate Findings of Fact and Conclusions of Law and Judgment may be drawn in accordance with this Memorandum.