*20 OPINION OF THE COURT.
THIS is an appeal taken by the demandants in avrrifc of right from a judgment rendered for the tenant.
Some points were made in the progress of tbe cause which do not affect the merits of the case, and as ultimately the mise was joined upon the mere right and a verdict correctly rendered, as we apprehend, for the. tenants under the direction of the court, we do not suppose it necessary to notice those preliminary points.After the evidence given on both sides in tbe circuit court was closed, various instructions were asked which were decided unfavorably to the right of the demand-ants to recover. The only question involved ir$Kiese-various instructions was, whether the demandants had shewn such a seizin as would entitle them to recover.
It is now settled that an actual seizin is necessary, and that the evidence did not shew such a seizin in the demandants or their ancestor is, we think, apparent. 1
The demandants exhibited á patent to their ancestor from the commonwealth for 300G acres of land including that i-n controversy, and proved that their ancestor had settled tenants within the patent boundaries, but not upon the land in controversy. The tenants, on th&ir part, proved that prior to any settlement of entry made by the demandants or their ancestor they had settled on tbe land in controversy, claiming under a bond from one Hawkins by metes and bounds.
Under these circumstances it is plain, as tbe tenants settled upon the land when the possession was vacant, that they must have acquired the actual possession, and that the subsequent entry of the demandants or their ancestor outside of the boundaries claimed by the tenants, could not have ousted the tenants or acquired for the demandants an actual seizin of the land in dispute. As the tenants exhibited no patent under which they claimed, an attempt was made by the demandants to get the circuit court to instruct the jury that their possession was not adverse to the title of the demand-ants ; but as the tenants claimed the land, not under the demandants or their ancestor, but under a different person, the natural presumption is, that their possession was adverse; and without other circumslance to repel-that presumption and explain the nature of the posses-', sion, the court was most clearly correct in refusing the, instruction.
The judgment must be affirmed with costs.