R. E. SANDIFER *v.* BENJAMIN A. HARDIN.

[Abstract Kentucky Law Reporter, Vol. 2—65.]

**Conveyance by Husband and Wife.**

A deed of a married woman is void where her husband does not join therein, and he has not theretofore conveyed, and the subsequent deed of the husband does not convey the wife's interest.

APPEAL FROM McLEAN CIRCUIT COURT.

December 18, 1880.

OPINION BY JUDGE HINES:

The deed of Mary Hardin to B. A. Hardin was absolutely void because the husband did not join in the conveyance, and he had not heretofore conveyed. The subsequent deed of the husband, W. J. Hardin, to B. A. Hardin conveyed no interest of the wife, Mary Hardin. Her deed to B. A. Hardin being void, whatever title or interest she had is still in her, and so far as we can gather from the pleadings the fee was and remains in Mary Hardin. On the filing of the answer denying title and pointing out the specific defect the proper course was for plaintiff to have replied and tendered them with the missing link in his chain of title.

Judgment *reversed* and cause remanded with directions for further proceedings.

*L. W. Gates, W. P. D. Bush, for appellant.*

[Cited, *Furnish's Adm'r v. Lilly*, 27 Ky. L. 226, 84 S. W. 734.]