CASE 9.—ACTION BY J. B. SMITH AGAINST JONATHAN CORNETT TO RECOVER LAND.—Dec. 11.

# Smith v. Cornett

Appeal from Harlan Circuit Court.

M. J. Moss, Circuit Judge.

Judgment for defendant.   Plaintiff appeals.   Reversed.

1. Land—Infants—Sale by Father—Void Unless Ratified—A sale of the land of an infant by her father is not binding on the infant unless ratified by her after she becomes 21 years of age.

2. Same—Purchaser of Infant's Land—Void Sale—Adverse Possession—Married Woman—Limitation—Where a father in 1869 sold the land of his infant daughter, who was born in 1857, and married in 1874, the sale being void, —the possession of the purchaser did not become adverse until she became of age in 1878, and she being then a married woman, the statute of limitation did not run against her.

3. Same—Champerty—One who is in possession of land as a purchaser from an infant does not hold adversely to the infant within the meaning of the champerty statute, and his possession does not render void a conveyance made by the infant to another after arriving at age.

J. G. AND J. S. FORESTER AND H. C. CLAY, for Appellant.

### AUTHORITIES CITED.

Ky. Statutes section 2506; Pope, &c. v. Brassfield, 22 R. page 1613; Spriggs v. Alvin, 6th J. J. Marshal, 162-3; Myers v. Buford, 7th J. J. Marshal, 250; Beal v. Brooks, 7th J. J. Marshal 232; Henderson v. Dupree, 82nd Ky. Law Rep., 678; Ross v. Veach, 22nd R., 578; Taylor v. Combs, 20 R., 1829-30; Creech v. Abner, 20 R., 1812.)

W. F. HALL AND GREENE & VANWINKLE for Appellee.

### AUTHORITIES CITED.

Neither infancy coverture nor any other disability can save the right to bring an action for real property after 30 years from the time the right of action first accrued. (Kentucky Statutes, section 2508; Medlock &c. v. Suter &c., 80 Ky., 101; Bradley v. Burgess, 87 Ky., 648; Stillwell, &c. v. Leavy, &c., 84 Ky., 379; Hawes v. Kirk, &c., 18 R., 215; L. & N. R. R. Co., v. Thompson, 105 Ky., 190; Rose &c. v. Ware, 24 R., 2325-2326; Rose &c. v. Ware, 25 R., 947.)    (Pet. for rehearing overruled.)

2. Appellee was in actual adverse possession of the land when appellant took his deed from Emily Hoskins, &c., therefore the sale and conveyance was champertous and void. (Kentucky Statutes, section 210; Adkins &c., v. Whalin, 87 Ky., 153.    In point.)

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

John H. Smith died a resident of Harlan County in the year 1862, the owner of 500 or 600 acres of land on Poor Fork. He had eight children, seven of whom survived him. One daughter, Stacy Short, the wife of John B. Short, died shortly before his death, leaving an infant child, Emily Short. Jonathan Cornett, who had married one of his daughters, after his death qualified as his administrator, and moved into the dwelling house where he had lived. Cornett bought out six of the children and received deeds from them for their interest in the tract of land. He also made a trade with John B. Short for the interest which belonged to his infant daughter Emily, who was at the death of her grandfather five or six years old. On October 27, 1869, John B. Short executed to Cornett the following writing: "This is to show that Jonathan Cornett, administrator of John H. Smith, deceased, has settled with me in full as guardian of Emily Jane Short, my daughter, in full of all the

interest she, the said Emily Jane, had in the estate of said John H. Smith, Sr., the said John H. Smith being the grandfather of said Emily Jane, both real and personal and said Jonathan Cornett is hereby fully discharged from any liability to me or my daughter. Given under my hand this 27th day of October, 1869.'' Cornett remained in possession of the land, and when, some years later, Emily married Jeff Hoskins, her husband had an interview with Cornett in the presence of her father, in which the father stated that he had sold her interest in the land to Cornett, and that she was to make him a deed when she became of age, but no deed was made. John B. Short died about the year 1886. In the fall of 1902 Cornett applied to Emily and her husband to make him a deed for her interest in the land, but only agreed to give her $50 to make it. She declined to accept this, and sold her interest in the land to J. B. Smith for $650. Smith thereupon filed this suit against Cornett for a partition of the land. Cornett pleaded limitation and also relied on the statute against champerty. The circuit court dismissed Smith's petition and he appeals.

Cornett testified that John B. Short was appointed guardian of his daughter, but no record of the appointment is produced. Hoskins testified that he was not appointed, or that there was nothing on the record to show that he was. Cornett also testified that he paid Short $130 for Emily's interest in the land, and that Short gave him a title bond, but the bond was not produced, nor is its loss satisfactorily shown. There is no evidence in the record as to what was done with the $130 which Cornett testifies to paying Short. In view of all the facts in the record, we think it may be concluded that Short simply acted as the natural guardian of his daughter in the transaction referred to. He is now dead, and it is a wise

rule that a party cannot testify for himself as to a transaction with one who is dead. No ratification of the acts of Short is shown by the record, and the questions to be decided are whether the action is barred by limitation and whether Smith's purchase was champertous; for the infant was not bound by the acts of her father in selling her land, and before she became of age she was married and could only dispose of her land by deed executed pursuant to the statute.

As to the matter of limitation, in Pope v. Brassfield, 110 Ky. 137, 22 Ky. Law Rep. 1613, 61 S. W. 5, on precisely the same facts, we said: "Though the infant Mary E. Pope, now Mrs. Bain, was not married when the bond was given and appellees entered upon the land, they entered under a contract that she would convey, and this obligation was not broken until she became of age. The possession of appellees was not, therefore, adverse to her until she was of age. Before she became of age she married, and when she did not convey after her majority, and the possession of appellees became adverse, she was a married woman, and the statute did not run against her." Mrs. Hoskins was born in 1857. She was married in 1874. Cornett, according to his own evidence, evidently held the land under the voidable purchase from her father, expecting her to make a deed when she became of age, and his possession was not adverse to her until she was of age. When she became of age and his possession did become adverse in 1878, she being a married woman, the statute did not run against her. Ky. St. 1903, section 2506. And 30 years had not elapsed when the action was brought and so the 30-year statute has no application. Ky. St. 1903, section 2508. She remained under the disability of coverture at the time the action was brought. We therefore

conclude that the action is not barred by limitation.

As to the deed to Smith being champertous, the rule is that one who is in possession of land as a pur-chaser from an infant does not hold adversely to the infant within the meaning of the champerty statute, and his possession does not render void a conveyance by the infant to another after he arrives at age. Moore v. Baker, 92 Ky. 518, 13 Ky. Law Rep. 724, 18 S. W. 363; Baley v. Deakins, 5 B. Mon. 161.

Judgment reversed, and cause remanded for a judgment as herein indicated.