## Big Sandy Company v. Ramey, et al.

(Decided January 20, 1915.)

## Appeal from Pike Circuit Court.

1. **Deeds—Deed by Married Woman—Failure of Husband to Join—Possession.**—Where a married woman executes and delivers a deed to her lands in which her husband does not join, and puts the vendee in actual possession, it is void so far as it attempts to convey title, but it is sufficient to show the nature and extent of the possession of the vendee under the deed, and where he enters upon a tract of land under such deed, and claims to the extent of the boundaries of it, he becomes possessed of the whole so far as it is not adversely held by others.

2. **Adverse Possession—Deeds—Married Women.**—Where one is in possession of a tract of land under a deed from a married woman, in which her husband did not join, and claims the land under such deed, his possession is adverse to her as soon as she becomes discovert by the death of her husband.

3. **Limitation of Actions—Conveyance by Married Woman—Champerty.**—While one is holding land conveyed to him by a married woman by a deed in which her husband did not join, a conveyance made by her of such lands to another, after she becomes discovert, is champertous and void and does not stop the running of the statute of limitation in favor of the one holding the land adversely.

4. **Limitation of Actions—Conveyance by Married Woman.**—If a married woman ineffectually attempts to convey her lands by the execution and delivering of a deed, in which her husband did not join, and puts the vendee in possession her right of recovery of the land is barred unless she brings an action within three years after she becomes discovert.

5. **Adverse Possession.**—One holding under a deed purporting to convey a tract of land to him is in possession of the mineral products of said land, unless the holding of the minerals has theretofore been separated from the surface of the soil by a previous conveyance.

J. J. MOORE for appellant.

CHILDERS & CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

In the year 1876 Berry Ramey bought from George W. Spears a tract of land in Pike county, Kentucky, containing about three hundred (300) acres, and paid him for it by conveying to him another tract of land. Thereafter, or before Berry Ramey had secured a deed from

Spears for the land, he died. On October 21, 1876, George W. Spears conveyed this tract of land to Mazy C. Ramey, the widow of Berry Ramey. Before this conveyance was made to her, however, she had remarried, and had married one Lewis Elswick. On the 12th day of December, 1887, Mary C. Elswick (later Ramey) made a deed to the Virginia Mining and Improvement Company, by which she conveyed to them the coal and minerals upon a part of this land, but the extent of that deed, and the number of acres embraced in it, and extent of the minerals that were conveyed to them by that deed, does not appear, as the deed is not in the record. On the 29th day of March, 1897, Mazy C. Elswick made a deed to her son, Calvin Ramey, by which she conveyed to him the entire body of land, which had been conveyed to her by George W. Spear, and in which she made no reservation or exception on account of the coal, oil, gas, or any minerals, which she had theretofore conveyed to any one else in said land.

Calvin Ramey was at that time living in a house upon the land with his family, and, after receiving this deed from his mother, continued to live upon the land until the present time. At the time Mazy C. Elswick conveyed this land to Calvin Ramey she was then a married woman, living with her husband, Lewis Elswick, who did not join in the deed to Calvin Ramey. It appears, however, that he did join in the deed made by her to the Virginia Mining and Improvement Company on the 12th day of December, 1887. Lewis Elswick died in 1903 or 1904.

After the death of Lewis Elswick, and on the 9th day of March, 1912, Mazy C. Elswick made a special warranty deed to the Big Sandy Company, by which she conveyed to them all of the coal and other minerals in, upon, and under the entire tract of land, which she had theretofore, on March 29th, 1897, conveyed to Calvin Ramey.

On the 3rd day of June, 1912, Calvin Ramey filed his petition in equity against the Big Sandy Company, in which he alleged that he was the owner and in the actual, adverse possession of the entire tract of land, and that Mazy C. Elswick, his vendor, had made a deed to the Big Sandy Company, in which she had conveyed to it the coal, oil, salt waters, gases, and other mineral products in said land, and that the Big Sandy Com-

pany was now claiming to own said mineral products by virtue of the said deed, and that same was a cloud upon his title and the vendable value of his land, and prayed that this deed be canceled and adjudged to be void. The Big Sandy Company filed an answer in which it admitted the ownership and actual possession of the surface of the land described in the petition to be in the plaintiff, Calvin Ramey, but denied that he was the owner of the coal, salt waters, gas, oil and other minerals in said land, and denied that the deed made to it by Mazy C. Elswick casts a cloud upon Calvin Ramey's title to said land or injured its vendible value, and in the second paragraph of its answer it claimed to be the owner of the coal, salt waters, oils, gas, and minerals in said land, and had been long before the execution of the deed to it by Mazy C. Ramey on March 9, 1912, and alleged that the plaintiff, Calvin Ramey, was claiming to be the owner of the mineral products in said land, and was thereby casting a cloud upon its title, and asking that same be quieted. Calvin Ramey filed a reply to said answer in which he traversed all of the affirmative allegations in it. Thereafter Mazy C. Elswick filed her petition to be made a party to said suit, in which she claimed that the Big Sandy Company, through its agent, N. A. Ramey, had procured her to execute the deed to the Big Sandy Company on March 9, 1912, by fraudulent representations to her, and joined in the prayer of Calvin Ramey that the deed be canceled. The petition was afterwards filed in court without objection, and by agreement of parties the affirmative allegations in it were considered as controverted upon the record. Calvin Ramey submitted deeds showing a continuous title from the Commonwealth of Kentucky for the land, down to Mazy C. Elswick. Evidence was submitted by both parties upon the issue as to fraud in the procurement of the deed by the Big Sandy Company on March 9, 1912.

Calvin Ramey also testified and submitted other evidence conducing to show that he had been in the adverse possession of the land, claiming to own it all to the extent of the boundaries of his deed from Mazy C. Elswick to him dated March 29, 1897, until the bringing of this suit. He also filed another deed from Mazy C. Elswick to him for the land, executed January 7, 1913, after

the filing of this suit, Lewis Elswick, her husband, having died before the execution of the last named deed.

The Big Sandy Company submitted evidence conducing to show that Calvin Ramey had never claimed at any time to be the owner of the coal, oil, gas, and other mineral products that were contained in the land.

The Big Sandy Company did not produce any deeds showing any title to it of any of the mineral products in the land, except the deed from Mazy C. Elswick to it, dated March 9, 1912. While Calvin Ramey, in his testimony, stated that he had information that his mother, Mazy C. Elswick, had at some time or other made a deed to some one conveying the mineral products that were in a part of the land in controversy, and while Mazy C. Elswick, in her testimony, said that she had made a deed at some time or other by which she conveyed the mineral products in the land to some one. Neither does any other witness in the case seem to know to whom said deed or such a deed was executed.

Upon the case being submitted the circuit court adjudged that the deed executed by Mazy C. Elswick to the Big Sandy Company, dated March 12, 1912, was void, and that same is a cloud on the right and title of Calvin Ramey to so much of the mineral rights and estate conveyed in the deed as were not included in the deed made by Mazy C. Elswick and her husband, Lewis Elswick, to the Virginia Mining and Improvement Company, dated December 12, 1887, to a portion of the land in controversy, and that the deed from Mazy C. Elswick to the Big Sandy Company, to the extent indicated, be set aside and canceled, and furthermore adjudged that Calvin Ramey had no right or title to the mineral rights or privileges which were acquired by the Virginia Mining and Improvement Company in so much of the tract of land as was set forth and described in the deed to it by Mazy C. Elswick and her husband, Lewis Elswick, on December 12, 1887.

The appellant, Big Sandy Company, took exceptions to this judgment, and from it has appealed to this court. Calvin Ramey, who is the appellee here, and the plaintiff below, has not appealed.

This court has often held that where one holding a patent, deed, or title bond for a boundary of land, and claiming to the extent of the boundaries of the deed, patent, or title bond, under which he holds, is in possession

of the whole land included in the writing so far as it is not adversely held by others. (McLaurin v. Salmons, 11 B. M., 96; Beeble v. Coy, 9 B. M., 312; Smith v. Lockridge, 3 Littell, 19; Jones v. Childs, 2 Dana, 25; Fox v. Hinton, 4 Bibb, 559.)

While the deed executed by Mazy C. Elswick to Calvin Ramey on the 29th day of March, 1897, was void and did not divest her of title, because she was at that time a married woman, and her husband did not join in the deed, it is yet sufficient to show the nature and the extent of the possession of Calvin Ramey.

This court has often held that where one enters upon a tract of land under a parol purchase or gift, and holds by actual, open possession, claiming it as his own, such possession is adverse and limitation runs from that date. (Comth. of Ky. v. Gibson, 85 Ky., 666; Wells v. Head, 12 B. M., 156.)

While there is some evidence conducing to show, by the witness N. A. Ramey, that Calvin Ramey did not claim, under the deed from his mother, the ownership of the minerals in the land, this evidence is contradicted by other evidence conducing to show that he claimed to be the owner of the entire tract of land, and of all of the mineral products in it, except in that portion of the land which had theretofore been conveyed to the Virginia Mining and Improvement Company, by deed of December 12, 1887. It is conceded that the deed from Mazy C. Elswick and her husband to the Virginia Mining and Improvement Company did not embrace all of the land, but only about one-half of it, and at the time Calvin Ramey took possession of the land, under the deed from his mother on the 29th day of March, 1897, there is no evidence to show that he did not intend to claim and to hold the surface of all of the land and the mineral products in all of the land, except that portion which was embraced in the deed to the Virginia Mining and Improvement Company.

The possession under a general warranty deed of a tract of land is the possession of all of the elements of the land and of everything underneath the surface, unless the mineral products have theretofore been separated from the ownership of the surface by previous conveyance. It might be insisted that the deed from Mazy C. Elswick to Calvin Ramey of March 29th, 1897, being void by reason of the fact that the husband of

Mazy C. Elswick did not join with her in the deed, would render the possession of Calvin Ramey under said deed amicable and not adverse to the title of his mother.

In the case of Bankston, &c., v. Crabtree Coal Mining Company (95 Ky., 455), a case wherein the husband of a married woman had conveyed the wife's land to one Woodruff, and in which deed the wife only joined in the attesting clause and only relinquished her dower in the land, this court used the following language:

"It is evident that the entry of Woodruff was hostile. to the title of the female appellant, and his holding adverse to her. But for her disability she could have asserted her cause of action immediately upon his entry."

The case of O'Dell v. Little (82 Ky., 146) was a case wherein a married woman had conveyed her lands to another, and her husband did not join in the deed, except to sign it, his name at no place being mentioned in the deed as a conveying party, and the vendee took possession under the deed, this court held that the possession of the vendee was adverse to the married woman and all others, from the beginning of the possession, be-. cause the right of entry by the vendor and her husband existed at the date of the possession and continued thereafter without interruption until barred by the statute of limitations. It seems that, although the holdings of one under the deed of a married woman, in which her husband did not join, is adverse to the woman, such adverse holding does not militate against her right to recover the lands until her disability of coverture has been removed for three years. The right of entry of Mazy C. Elswick upon the land in controversy existed from the day of the execution of her deed to Calvin Ramey; his possession was open, notorious, and visible, and has so continued until the present time.

There is no legal impediment to a married woman maintaining an action for the recovery of her real estate, and since the enactment of Section 2128 of the Kentucky Statutes, in 1894, she can do so without joining her husband with her, and the statute of limitations tolling one's right to maintain an action for the recovery of real estate, adversely held, after fifteen years, is only prevented from barring her right of recovery in such a state of case by the provisions of Sections 2506 and 1510 of the Kentucky Statutes.

Section 2506, *supra*, provides: "If at the time the right of any person to bring an action for the recovery of real property first accrued, such person was an infant, married woman, or of unsound mind, the such person, or the person claiming through him, may, though the period of fifteen years has expired, bring the action within three years after the time such disability is removed."

Section 2510, *supra*, provides: "If a woman, after she arrives at the age of twenty-one years, joins with her husband in the conveyance of her lands or chattels real, and acknowledges the conveyance before an officer authorized to take her acknowledgment of the conveyance, no action shall be brought by her for the recovery of lands or chattels real mentioned in such conveyance, unless the action is commenced by her within three years after she becomes discovert, etc."

Construing the two sections, *supra*, and Section 2505 of the Kentucky Statutes, together, it seems that no action can be brought for the recovery of real property unless it is brought within fifteen years after the right to institute the action first accrued, but if at the time a right to institute an action for the recovery of real property first accrued to a woman, she is then married, she or the person claiming through her, may maintain the action within three years after her coverture is removed, although more than fifteen years may have expired since the accrual of the right of action, but if a married woman, who is twenty-one years of age, join with her husband in the conveyance of her lands, and acknowledges the conveyance before an officer who is authorized to take her acknowledgment to the conveyance, she cannot maintain an action for the recovery of the lands mentioned in the conveyance after three years from the time she becomes discovert. It seems that the law-making power has fixed a difficult period of limitations to the right of married women, twenty-one years of age, and who have attempted by a conveyance which is ineffectual to pass her title to her lands, to maintain an action for their recovery, from that class of them who are under twenty-one years of age, and who have made no effort to convey the lands which they seek to recover. Hence this court, in the case of Bankston v. Crabtree, et al. (95 Ky., 455), held that where a married woman attempted, but ineffectually, to convey her inter-

est in lands, that she could not maintain her action for the recovery of the lands unless the action was instituted within three years after the death of her husband. In the case of Stephens v. McCormick (5 Bush) this court said: "That if the married woman joined with her husband in the conveyance, and after his death sought to recover the land sold, because the conveyance was defective as to her and ineffectual to pass her title, that she must sue within three years from the removal of her coverture.

In O'Dell v. Little, *supra,* where the married woman alone conveyed, her husband joining in the deed only by signing it, and it being ineffectual to pass title, this court said: "The entry was under the wife with the claim of an absolute title against both (husband and wife), and therefore the action must have been brought within three years after the husband's death, etc."

There is no doubt that Mazy C. Elswick was above twenty-one years of age when she executed the deed to Calvin Ramey, dated March 9, 1897, and that she acknowledged it before an officer authorized to take her acknowledgment, and that she intended by the deed to vest the title to the lands in Calvin Ramey, and put him into the possession of the land under the deed. The deed was ineffectual to convey her title, and we see no substantial reason between the principle which ought to prevail in this case, where the husband did not attempt to join in the deed, and the case of O'Dell v. Little, where he ineffectually attempted to join in the deed, and applying the provisions of Section 2510, *supra,* to this case, Mazy C. Elswick's right of entry upon the lands in controversy was barred several years before she executed the deed to appellant, which is sought to be canceled in this case. She became discovert in 1903 or 1904, and she executed the deed to the Big Sandy Company in 1912. It follows, then, that at the time she executed the deed complained of by appellee, Calvin Ramey was then in the notorious, open, and visible possession of the land in controversy, holding adversely to every one under a deed of record, and since Mazy C. Elswick had failed for three years after she became discovert to claim her right of entry upon the lands, his title had become complete to the lands.

Section 210 of the Kentucky Statutes provides:

"That all sales or conveyances, including those made under execution, of any land, or the pretended right or title to same, of which any other person at the time of such sale, contract or conveyance, has adverse possession, shall be null and void."

It appearing that the deed from Mazy C. Elswick to the appellant, Big Sandy Company, having been executed at a time when the lands and the minerals in that portion of it not conveyed by .the deed of December 12, 1887, to the Virginia Mining and Improvement Company, were in the adverse possession of the appellee, Calvin Ramey, the deed to the Big Sandy Company was champertous and void, so far as it undertook to convey to the Big Sandy Company the mineral products in that portion of the land not conveyed by the deed to the Virginia Mining and Improvement Company. No title passed to the Big Sandy Company by reason of such deed to the minerals in the land not embraced by the deed to the Virginia Mining and Improvement Company. The deed to the Big Sandy Company being void, and no actual possession held under it, it did not stop the running of the statute of limitations in favor of the possession of Calvin Ramey, which continued despite said deed, and matured his title before the bringing of this suit, even if the fifteen year statute applied in this case, instead of Section 2510, *supra*.

The Big Sandy Company claims that it is a remote vendor of the Virginia Mining and Improvement Company, and that when Mazy C. Elswick and her husband, Lewis Elswick, sold the mineral products in the land, that they undertook to convey to the Virginia Mining and Improvement Company all of the minerals embraced in all of the land, but, as said before, the appellant even fails to show that it is a vendee, either near or remote, of the Virginia Mining and Improvement Company, and fails to show its contention to be true that the minerals in all of said land were sold in 1887, for it is insisted that the deed sought to be canceled herein was made to correct the failure of the deed of December 12, 1887, to the Virginia Mining and Improvement Company, to embrace the minerals in all of the land. It appears from the evidence that there is about three hundred acres of land, and that the sale to the Virginia company was made at seventy-five ($0.75) cents per acre, and the total amount which Mazy C. Elswick received for it was

$155.00, which shows very clearly that the representatives of the Virginia Mining and Improvement Company did not at that time understand that they were buying minerals in all of this land, but in only about two hundred acres of it.

The deed sought to be canceled expresses a consideration of $1.00 and other valuable considerations, and seems to have been procured from Mazy C. Elswick, who is an old and uneducated woman, by giving to her ten dollars in money to execute it, through the influence of her nephew, N. A. Ramey, who was paid fifty dollars by the Big Sandy Company to procure her signature to the deed, and whom she testifies represented to her that the Childers boys were going to sue Calvin Ramey and take the coal and minerals in the land away from him, if she did not sign the deed, and who carefully concealed from her the fact that her deed made to the Virginia Mining and Improvement Company in 1887 only embraced about one-half of the land to which he was trying to induce her to make a deed to the Big Sandy Company, and that she was induced by said representations to execute the deed to the Big Sandy Company. At the time the deed was made to the Virginia Mining and Improvement Company it appears that she was then living in the State of West Virginia, and that the transaction was conducted by one Moses Ramey.

It is true that N. A. Ramey contradicted the statements of Mazy C. Elswick as to how she was induced to sign the deed, but the chancellor below heard and considered all of this evidence, and we are not able to say that the evidence is not sufficient for him to base his opinion upon, that the deed ought to be canceled for fraud as well as for champerty.

It is, therefore, adjudged that the judgment appealed from be affirmed.