## J. B. Gathright Land Company v. Begley, et al.

(Decided November 13, 1923.)

### Appeal from Leslie Circuit Court.

1. Husband and Wife—Deed by Wife Void Unless Joined in by Husband.—Under Ky. Stats., sections 506, 2128, a deed executed by a married woman is void unless her husband joins in the conveyance or has theretofore conveyed.

2. Adverse Possession—Void Deed of Wife is "Color of Title."—A deed executed by a married woman void because not joined in by the husband, under Ky. Stats., sections 506, 2128, would afford color of title.

3. Mines and Minerals—Grantee of Minerals Under Void Deed Not Entitled to Benefit of Possession by Grantor.—Where wife conveyed minerals underlying her real estate under a deed void because the husband did not join in the conveyance, under Ky. Stats., sections 506, 2128, the possession of the wife after the delivery of the deed did not inure to the benefit of the grantees under section 2366a.

4. Mines and Minerals—Possession of Surface by Vendor with Defective Title Inures to Benefit of Grantee of Minerals.—If a vendor who has defective title to land properly conveys the mineral rights and continues in possession of the land, the continuity of such possession is not broken, but inures to the benefit of the grantee, under Ky. Stats., section 2366a.

CLEON K. CALVERT and HARRISON & HARRISON for appellant.

J. M. BICKNELL and M. C. BEGLEY for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Justus Begley and his wife, Polly, jointly owned a large tract of land. They separated prior to the year

1890 and continued to live separate and apart until the death of Polly in the year 1919, though they were never divorced.

On the 17th day of April, 1890, they divided their land, and he conveyed to her 600 acres thereof. Subsequently, on the 23rd day of August, 1890, she sold the minerals, including coal, oil and gas, to the New Era Land Company. This was by general warranty deed executed, acknowledged and delivered by her and duly recorded, but in which her husband did not join.

Afterward the New Era Land Company sold and conveyed these rights to the J. B. Gathright Land Company. Justus lived in the west for many years after their separation, but in 1907 returned to this state, where he has since resided. In his deposition in this case he testifies that the agent of the New Era Land Company knew of the existence of the marital relation between him and Polly and tried to get him to join in the conveyance she made to it, but that he declined to do so.

After the death of Polly Begley this suit was filed by her heirs at law, alleging ownership of the lands in question, including all the mineral rights therein by inheritance from her, and seeking to quiet their title to the latter. The defendants claimed the minerals under the deed and by adverse possession. A judgment was rendered for plaintiffs and defendant appeals.

A suggestion is made as to the sufficiency of Polly Begley's title, but as both parties are claiming through her it is unnecessary to consider it.

Section 2128, Ky. Statutes, forbids the sale or conveyance by a married woman of her real estate unless her husband joins in the conveyance, and section 506 provides:

"The conveyance may be by the joint deed of husband and wife, or by separate instrument; but in the latter case the husband must first convey, or have theretofore conveyed."

In considering these statutes the decisions are in accord to the effect, that a deed executed by a married woman is void unless her husband joins in the conveyance or has theretofore conveyed as therein provided. Mounts v. Mounts, 155 Ky. 363; Hillard v. R. L. M. & O. Co., 153 Ky. 259; Simon, etc. v. Simpson, etc., 142 Ky. 608; S. Y. C.

et al. v. Hellier, etc., 140 Ky. 388; Mays v. Polly, 125 S. W. 715.

Appellant concedes that the deed in question was void, but contends that it afforded color of title and that under the provisions of section 2366a, Ky. Statutes, Polly Begley held possession for it, and that by virtue of this possession its claim ripened into title. That section provides:

"Wherever the mineral or other interest in or rights appurtenant to and in this Commonwealth have heretofore passed, or shall hereafter pass, in any way, from a claimant in possession of the surface of said land, the continuity of the possession of such mineral, interests and rights shall not be deemed thereby to have been, or to be, broken; but the possession of the surface by the original claimant thereof, from whom such mineral, interests or rights have passed, or by those claiming through or under him, or by virtue of a judgment against him in an action to which the holder of said mineral, interests or rights is not a party, shall be deemed to have been, and hereafter to be, the possession of such mineral, interests and rights in said land for the benefit of said person, his heirs and assigns, to whom said mineral interests, or rights have or shall have passed as aforesaid." (This section is an act of February 26, 1906.)

It is suggested that this act would be retroactive as to transactions occurring before its passage and that they would not be affected thereby; but passing that, and assuming its proper application, the authorities are practically unanimous in holding that a deed such as this would constitute color of title sufficient to indicate the extent of the possession claimed if possession was shown. 2 C. J., sec. 337; 1 R. C. L., sec. 24; Shutt v. M. E. Church, 187 Ky. 353; Big Sandy Co. v. Rainey, 162 Ky. 236; Wright v. Madison, 18 How. 50.

In this case Polly Begley remained in actual possession of the land for over fifteen years subsequent to the execution of the deed to the New Era Land Company. If the statute is to be considered as meaning that such possession inured to the benefit of the vendee in the void deed appellant's contention is correct. However, it will be observed that the statute gives the benefit of the vendor's possession to the claimant only upon a severance of the title or, as stated therein, "wherever rights have

heretofore passed or shall hereafter pass" and in favor of those only "to whom said mineral interests have passed." Until such interests are severed or passed the statute has no application and the claimant cannot rely on the continuity of the vendor's possession. As an admittedly void deed passes no right or title it affords no basis for the application of the statute.

The statute itself is but declaratory of the common law, which regards the landowner in possession as the trustee of the one to whom he had made a valid conveyance of the mineral rights, (Farnsworth v. Barrett, 146 Ky. 561); but even under the common law in the absence of actual possession constructive possession follows the better title. As no rights were conferred by the void deed it could not be said that Polly Begley became a trustee for the benefit of the claimant under the common law.

Of course, if a vendor who has a defective title properly conveys the mineral rights and continues in possession of the land the continuity of such possession is not broken but inures to the benefit of the claimant, and if it is continued in such a way and for a sufficient length of time for the vendor to acquire title to the surface the vendee would acquire the same title in the minerals; this would result from both the common law and the statute. And in the cases cited above it is held that where the vendee in a void deed is put in actual possession of the land itself, if held adversely, the possession may ripen into title and the deed may be considered as evidence to the extent of his claim. It requires no discussion to distinguish the cases so holding from the facts of this case, and to show that they are in entire harmony with the conclusion here reached.

The ruling of the lower court being in accordance therewith, the judgment is affirmed.