## Shively, et al. v. Elkhorn Coal Corporation.

(Decided November 26, 1926.)

### Appeal from Boyd Circuit Court.

1.  Husband and Wife.—Married woman's deed, in body of which husband's name did not appear as grantor, held void, notwithstanding that husband signed and acknowledged it.
2.  Quieting Title.—Where defendant asserted title by answer and asked that its title be quieted, court will determine superiority of title.
3.  Adverse Possession—Possession Under Void Deed May Ripen into Title, and Deed Gives Constructive Possession.—Adverse possession under void deed may ripen into title, and deed may be considered as evidence of extent of claim, within rule that, where one claims under color of title, and there is no actual possession of another of part of land, law by construction carries possession to full extent of boundary.
4.  Adverse Possession.—One entering on possession under deed from married woman, void because her husband did not join holds adversely from time of entry.
5.  Adverse Possession.—Statute of Limitations runs against married woman's action to recover possession from grantee under deed bond, because of nonjoinder of plaintiff's husband from time of grantee's entry under deed.
6.  Limitation of Actions.—Married woman's right of action against one in possession of land under her deed, void because husband did not join, is not tolled until three years after coverture has been removed, unless thirty-year statute intervenes.
7.  Limitation of Actions—Married Woman, Relying on Disability to Avoid Running of Statute, Must Plead Such Matter.—Where limitation is pleaded by one party, the other, if he relies on any disability to avoid running of statute, must plead such matter, and this rule applies to married women.
8.  Mines and Minerals.—Adverse possession of owner of surface inures to benefit of owners of minerals under surface.

B. F. COMBS and SMITH & COMBS for appellants.

B. M. JAMES and O'REAR, FOWLER & WALLACE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On January 13, 1898, the appellant, Polly Arnett and her sister, Melvina Hackworth, deeded a described boun-

dary of land to William Arnett. At that time both Melvina Hackworth and Polly Arnett were married women. Although their husbands signed and acknowledged this deed, the names of neither of the husbands appeared in the body of the deed as grantors expressly or impliedly, and neither of them had previously made a separate conveyance of this property. Under a long line of decisions in this state, some of which are collected in the recent case of Duncan v. Jenkins, 215 Ky. 543, 286 S. W. 783, this deed was void. Melvina Hackworth later died, leaving as her only heirs and distributees at law her children, the co-appellants of Polly Arnett, all of whom are still minors, except two, and both of these were married women at the time of their mother's death and continued as such up until the institution of this action. The appellee holds a deed to the minerals under the property in question through mesne conveyances from William Arnett. In July, 1922, Polly Arnett and the children of Melvina Hackworth brought this suit against the appellee, in which they averred that they were the owners and in the constructive possession of the property in question, and that the appellee claimed an interest in the property hostile and adverse to them, which claim was without foundation or right, and they asked that their title to the property be quieted. The appellee, by its original answer, herein denied the title of the appellants, and, asserting title and possession of the land in itself, asked that its title be quieted. Under the many decisions of this court, the trial court on these issues had jurisdiction to determine the superiority of title between the parties litigant. Osborn v. Osborn, 204 Ky. 144, 263 S. W. 738. By amended answers later filed, appellee pleaded laches on the part of appellants; title by adverse possession; and the fifteen-year statute of limitations as a bar to appellants' cause of action. Appellee also set up a counterclaim asking, first, that the deed of Polly Arnett and Melvina Hackworth be reformed so as to include as parties grantors their husbands; and, secondly, that in the event that the appellants were adjudged the relief they sought, then the appellee be awarded a lien on the land for the consideration paid Polly Arnett and Melvina Hackworth by William Arnett for the property in question. A reply of the appellants traversed these defenses, except it specifically admitted "that plaintiffs' (appellants') cause of action accrued more than fifteen

years ago." The reply, however, denied that appellant's cause of action was barred by any statute of limitations. After proof heard, the court dismissed the appellant's petition and they bring this appeal.

It is settled in this state that, where the vendee in a void deed takes actual possession of the land, the possession, if held adversely, may ripen into title, and the deed may be considered as evidence of the extent of his claim within the rule that, where one claims under color of title, and there is no actual possession by another of a part of the land within the well defined boundaries of the claimant, the law by construction carries his possession to the full extent of the boundary defined by his color of title, with certain exceptions not here pertinent. The cases sustaining this proposition are, in part, collected in the case of J. B. Gathright Land Co. v. Begley, 200 Ky. 808, 255 S. W. 837. In the case of Big Sandy Co. v. Ramey, 162 Ky. 236, 172 S. W. 508, we also held that one who enters into possession of land under a deed from a married woman, void because her husband did not join in such deed, holds adversely from the time of such entry; that the married woman may at any time thereafter bring an action to recover the possession of her land, and that the statute of limitation begins to run from the time her action thus first accrued, although, of course, her right of action is not tolled until 3 years after her coverture has been removed, unless the 30-year statute in the meantime intervenes. Further, in the case of Maynard v. Thompson, 183 Ky. 140, 208 S. W. 761, we held that, where limitation is pleaded by one party, the other party, if he rely on any disability to avoid the running of the statute, must plead such matter; and this rule applies to married women no less than any other person laboring under a disability. Applying these principles to the facts of this case, we find that, while the proof is not as clear and explicit as it might be, it fairly shows that William Arnett on his purchase of this land from Polly Arnett and Melvina Hackworth, moved upon it under his deed from them, and they surrendered possession of it to him. He recorded this deed on March 16, 1903. Living on this land and claiming its ownership under his deed from 1898 until he sold it to Tom Hereford in 1917, he acquired title by adverse possession long before the institution of this suit, unless the statute of limitations which was set to running in 1898 when he entered upon

the possession of this land under his deed was extended by the disabilities of the appellants. However, the appellants did not plead affirmatively any such disability to avoid the running of the statute, and, this being true, such disabilities are unavailing to them in this action. The adverse possession of the owner of the surface inures to the benefit of the owners of the minerals under that surface. Farnsworth v. Barret, 146 Ky. 556, 142 S. W. 1049. This being true, the lower court correctly adjudged on the face of this record that appellee had acquired title by adverse possession, and for that reason correctly dismissed the petition of the appellants. This being so, it is not necessary to pass upon the other defenses herein interposed. The judgment of the lower court is therefore affirmed.