## Rowe v. Ratliff's Heirs, et al.

(Decided June 12, 1928.)

### Appeal from Pike Circuit Court.

1. Vendor and Purchaser.—Under Ky. Stats., sec. 468, requiring signature to be subscribed at the end or close of writing, a title bond signed near the beginning of instrument was not properly executed and not valid.
2. Adverse Possession.—Ordinarily, possession of one under a title bond is not adverse to vendor.
3. Adverse Possession.—Purchaser holding possession under title bond and having paid purchase money and complied with all conditions of bond so as to be entitled to a deed may hold possession of land in hostility to title of vendor so as to acquire title by adverse possession.

JOHN H. ADKINS and JAMES PHELPS for appellant.

STATON & KEESEE, J. A. RUNYON and K. D. KEESEE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

On April 23, 1907, William H. Ratliff executed and delivered to Lilburn Rowe the following title bond:

"Know all men by these presents: That I, William H. Ratliff, am held and firmly bound unto Lilburn Rowe, in the sum of two hundred dollars in lawful money of the United States, which payments well and truly to be made unto the said Lilburn Rowe.

"Signed with my signature and seal, this the 23d day of April, 1907.

his
"William H.   X   Ratliff."
mark

The condition of the above obligation is such that the said William H. Ratliff is to make or to cause to be made

unto the said Lilburn Rowe a deed or title unto a certain tract or parcel of land containing 40 acres more or less, laying and being in the county of Pike, state of Kentucky, and bounded as follows:

"Beginning on a stake at the mouth of the hollow, near the creek, and running up the hollow, with the hollow to a stone, and thence up the hill, with Melvin Rowe line, to the point; thence up the point with the center of the point to the top of the ridge between the Poor Bottom fork and Rockhouse fork to John Rowe's corner; thence down the point with John Rowe line to a stake; thence running down the point with Mary Ratliff's line to the bottom, to a stake; thence with Isaac Hollen's line to the creek; thence down the creek to the beginning."

Immediately after the execution of the title bond Rowe entered upon the land and has continued to occupy it ever since. In the year 1923 or 1924, Ratliff died intestate without having executed the conveyance deeding the land to Rowe. He left no children, but was survived by several collateral heirs.

This action was brought by Rowe against the heirs to compel the execution of the deed. A demurrer was sustained to the petition, and thereafter Rowe filed an amended petition pleading adverse possession. To the petition as amended a demurrer was sustained, and, Rowe having declined to plead further, the petition was dismissed. He appeals.

Section 468, Kentucky Statutes, reads as follows:

"When the law requires any writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature be subscribed at the end or close of such writing."

It will be observed that the signature of Ratliff on the title bond is near the beginning of the instrument, and that the conditions of the obligation all follow the signature. In the circumstances it cannot be said that the signature is subscribed at the end or close of the writing within the meaning of the statute. As the place of the signature does not conform to the requirements of the statute, it follows that the title bond was not properly executed, and therefore is not a valid instrument.

It remains to determine whether the amended petition states a cause of action.   The facts pleaded are sufficient to show title by adverse possession unless Rowe's holding under the title bond rendered his possession amicable.   Ordinarily, the possession of one under a title bond is not adverse to his vendor, but the rule is different where the purchaser as here has paid the purchase money and complied with all the conditions of the bond for title so as to be entitled to a deed.   In such a case he may hold possession of the land in hostility to the title of his vendor so as to acquire title by adverse possession. Grigsby v. Smith, 174 Ky. 819, 192 S. W. 856; Rice v. Blair, 161 Ky. 280, 170 S. W. 657; New Domain Oil Gas Co. v. Gaffney, 134 Ky. 792, 121 S. W. 699.   We therefore conclude that the court erred in sustaining a demurrer to the amended petition pleading title by adverse possession.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.