## Phillips v. American Association, Inc.

(Decided May 14, 1935.)

E. N. INGRAM for appellant.

LOW & BRYANT and WILLIAM LOW for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The title to an undivided three-tenths interest in ten acres of land is in contest. The appellant, W. A. Phillips, claimed title through mesne conveyances starting with a title bond executed by America Davis Hamblin, a married woman, on September 7, 1884, to her brother, Preston Davis, Jr., and through adverse possession from that time. He maintains that the deed to the appellee, American Association, Inc., made by her daughter, Sarah Mossey Hamblin, on January 7, 1904, is champertous.

Mrs. Hamblin contracted to convey the ten acres to Preston Davis, Jr., when he should pay the consideration of $100. At that time her husband, John Hamblin, had abandoned her and their eighteen months old child, Sarah Mossey Hamblin. Mrs. Hamblin died within a week, or possibly a month, and it is indicated that this sale was made for the purpose of having her brother look after her child. He paid the consideration during the ensuing years to the child's father as her guardian. The husband, John Hamblin, signed this title bond about four years after it was made. His name does not appear in its body. Under the statutes of that time, as now, a married woman had no power to convey her real estate without her husband joining in the conveyance or having theretofore conveyed it. Section 20, c. 24, General Statutes. The title bond was, therefore, void. However, it has been frequently ruled that entering into possession under a void deed is, or

may be, adverse and may ripen into title. Sandifer v. Hardin, 2 Ky. Law Rep. 65, 10 Ky. Op. 958; Furnish's Administrator v. Lilly, 84 S. W. 734, 27 Ky. Law Rep. 226; Farley v. Stacey, 177 Ky. 109, 197 S. W. 636, 1 A. L. R. 1181; Shively v. Elkhorn Coal Corporation, 217 Ky. 192, 289 S. W. 262; Foust v. Hill, 215 Ky. 364, 285 S. W. 235; Howard v. Carmichael, 237 Ky. 462, 35 S. W. (2d) 852.

The evidence shows that Davis, the vendee, several months after the death of his sister entered upon the land, cleaned it up, and repaired the fencing. Some years later a house was built on it and occupied by his widow and first one daughter and then another, but it seems to have been removed or destroyed about the year 1900. Preston Davis was survived by his widow and nine children and they agreed that she should take a child's part, so thereafter each was regarded as owning an undivided one-tenth interest. The appellant, Phillips, acquired three shares, or a three-tenths undivided interest, while the claimed title to the rest of it under the void bond remained in the others and their respective heirs. Preston Davis and his successors continued in adverse possession for a number of years.

It appears there was a verbal partition or at least a division by acquiescence of a part of the ten-acre parcel representing the three-tenths interest and that particular part only was occupied by those claiming it. This would distinguish the case from those cases where a joint tenant claimed against other joint tenants. See Sullivan v. Sullivan, 179 Ky. 686, 201 S. W. 24; Howard v. Carmichael, supra. The case seems to have been so treated, at any rate.

Ordinarily, the possession of one holding under a title bond without having paid the purchase price is not adverse to the vendor. See Rowe v. Ratliff's Heirs, 225 Ky. 70, 7 S. W. (2d) 852. Actual possession was not taken until after the true title had vested in the infant heir of America Hamblin. Her right of action was not tolled until three years after she became twenty-one years of age and the limitations did not begin to run against her until then, the thirty-year statute not being invovled. Section 2506, Kentucky Statutes; Smith v. Cornett, 124 Ky. 63, 98 S. W. 297, 30 Ky. Law Rep. 302; Shively v. Elkhorn Coal Corporation, supra; Big

Sandy Company v. Ramey, 162 Ky. 236, 172 S. W. 508; Turner v. Begley, 239 Ky. 281, 39 S. W. (2d) 504. Sarah Mossey Hamblin became twenty-one years old just before she conveyed the ten acres involved to the appellee in 1904. It later secured quitclaim deeds for the seven-tenths interest from those who claimed, or might have claimed, under the title bond of Preston Davis. This suit was brought by the appellee in June, 1912, which stopped the running of limitations, although it was ten years before the issues were formed and twenty years had passed before the judgment was rendered. It is manifest, therefore, that the fifteen-year statute of limitations cannot apply (Ky. Stats. sec. 2505).

The case is resolved into the question whether Phillips or those under whom he claims were in such possession at the time the appellee acquired its deed as would have ripened into title had the possession continued for fifteen years. To make a deed champertous, and therefore void, under the provisions of section 210 of the Statutes, the possession of a third party need not have been for any specific length of time for it is sufficient if it was such as would have ripened into title by reason of its adverse character if it had continued uninterruptedly for the prescribed period. The evidence to support a claim of champerty must show clearly and convincingly that there was at the time actual, visible, notorious, exclusive, and hostile possession. Adams v. Adams, 194 Ky. 202, 238 S. W. 386; Nelson v. Johnson, 189 Ky. 815, 226 S. W. 94; Lanham v. Huff, 228 Ky. 139, 14 S. W. (2d) 402; Pond Creek Coal Company v. Hatfield, 228 Ky. 806, 16 S. W. (2d) 442; Lykins v. Keeton, 234 Ky. 421, 28 S. W. (2d) 472. It appears that there had been an abandonment and break in the continuity of occupancy and adverse possession of those through whom the appellant claimed. See Adams v. Adams, supra; Kash v. Lewis, 224 Ky. 679, 6 S. W. (2d) 1098; Lanham v. Huff, supra. The evidence does not clearly and convincingly demonstrate that when the appellee received its deed from Sarah Mossey Hamblin the property was contemporaneously in the adverse possession of those from whom Phillips acquired paper title a few years later. Therefore, it cannot be said that the appellee's deed was champertous and void.

Wherefore, the judgment is affirmed.