## ALLEN et al. v. GARNETT et al.
### No. 1698.

Circuit Court of Appeals, Tenth Circuit.
Dec. 22, 1938.

Preston S. Davis, of Tulsa, Okl., J. T. Johnson, of Nowata, Okl., and Walter S. Keith, of Coffeyville, Kan., for appellants.

John F. Pendleton and J. Wood Glass, both of Nowata, Okl., for appellees.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

The surviving widow and surviving children of Jesse K. Allen, deceased, a Cherokee Indian, filed their bill in equity to cancel and annul certain deeds of record, to remove cloud, and to quiet title to 130 acres of land in Nowata County, Oklahoma, being the land allotted to the deceased. By answer, certain defendants pleaded a decree of the district court of Nowata County as res judicata, and the statute of limitations.

When the cause came on for trial the court took up the question of res judicata. The only evidence submitted was certified copies of the.pleadings and judgment in the case in the state court, from which it appeared that plaintiffs here were plaintiffs there; that the cause of action here was the same as that pleaded there; that the defendants who interposed the plea here were defendants there; that they demurred to the petition there on the ground that it appeared from the face of such petition that the cause of action was barred by two separate statutes of limitations, one being section 99 and the other section 101, Oklahoma Statutes, 1931, 12 Okl.St. Ann. §§ 93, 95; and that after argument a judgment was entered sustaining the demurrer and dismissing the action. And no appeal was taken from such judgment. The court below sustained the plea of res judicata and rendered a decree for the defendants interposing it. Plaintiffs appealed.

It is contended that the judgment of the state court is not res judicata here for the reason that it was entered upon a demurrer, not upon the merits of the action. A judgment sustaining a demurrer and dismissing the action does not preclude a subsequent suit upon the same cause of action where the demurrer raised only formal or technical defects of pleadings, or a lack of jurisdiction, or a misjoinder of parties, or some other cognate imperfection. But the demurrer filed in the state court was not confined to questions of that kind. It went to the very right to recover upon the cause of action stated. It is well settled that a judgment sustaining a demurrer which goes to the merits of the cause is equally as binding and conclusive in a subsequent suit as one rendered upon proof. Davis v. Bolon, 74 Okl. 168, 177 P. 903; Kiniry v. Davis, 82 Okl. 211, 200 P. 439; Hutchings v. Zumbrunn, 86 Okl. 226, 208 P. 224; Dickson v. Mackey, 108 Okl. 11, 233 P. 423; Neustadt v. Coline Oil Co., 141 Okl. 113, 284 P. 52; Stuckwish v. St. Louis-San Francisco Ry. Co., 177 Okl. 361, 59 P.2d 285; Northern Pacific Ry. Co. v. Slaght, 205 U.S. 122, 27 S.Ct. 442, 51 L.Ed. 738; Vinson v. Graham, 10 Cir., 44 F.2d 772; Divide Creek Irr. District v. Hollingsworth, 10 Cir., 72 F.2d 859, 96 A.L.R. 937.

But appellants place strong reliance upon section 106, Oklahoma Statutes, 1931, 12 Okl.St.Ann. § 100, which provides that if an action is commenced within due time and plaintiff fails otherwise than upon the merits after the expiration of the time

allowed for the institution of such a suit, a new action may be filed within one year after the failure. The statute is plain in respect to its scope and operative effect. In order to be available, it must appear that the first suit was filed before the pertinent statute of limitations expired; that plaintiff failed on some ground other than the merits after the expiration of the time allowed; and that the subsequent suit was instituted within one year after such failure. Meshek v. Cordes, 164 Okl. 40, 22 P. 2d 921. And the burden rests upon a plaintiff to bring himself within the ambit of the statute. Owens v. Clark, 154 Okl. 108, 6 P.2d 755.

■■■ It appears from the bill and the exhibits attached to it that the allottee executed a warranty deed dated April 16, 1912, conveying the land to appellee H. G. Garnett; that such deed was filed for record April 22d; that through successive conveyances title was finally vested in appellees Dero Vinita and Eva Vinita; that the allottee and his wife were divorced in May, 1912; and that they subsequently remarried and continued to be husband and wife until his death in 1922. And it appears from the documentary evidence adduced upon the trial that the suit was filed in the state court in March, 1937, and that the judgment sustaining the demurrer and dismissing the action was entered in May of that year. The validity of the deed of the allottee is challenged on the ground that the wife failed to join in its execution. No other attack is directed against it. Conceding that it was voidable for that reason, it was effective as color of title with continuous adverse possession to begin the running of the fifteen-year period of limitations provided in the fourth subdivision of section 99, Oklahoma Statutes, 1931, 12 Okl.St.Ann. § 93, fourth subdivision, supra. Stolfa v. Gaines, 140 Okl. 292, 283 P. 563; Whitney v. Posey, 180 Okl. 373, 69 P.2d 335; J. B. Gathright Land Co. v. Begley, 200 Ky. 808, 255 S.W. 837; Shively v. Elkhorn Coal Corporation, 217 Ky. 192, 289 S.W. 262. It is plain that the suit in the state court was not filed before the expiration of the governing statute of limitations. It follows that section 106, supra, authorizing the filing of a second suit within one year after failure of the first otherwise than on the merits is without application here. Meshek v. Cordes, supra.

The decree is affirmed.