## Powell v. Peel.

February 15, 1949.

Lovett and Lovett for appellant.

Holland G. Bryan for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Appellant brought this action to quiet title to a triangular strip of land having a basal width of about 10' and a bisecting measurement of slightly less than 17 poles, and to effect the removal of a fence recently erected thereon by appellee. He alleged title in himself to the strip by deed, which he filed with his petition, and by adverse possession for longer than 15 years. He further alleged that appellee's fence obstructed a general passway over appellant's land and prayed damages in the amount of $200.

Appellee, by answer and counterclaim, admitted title in appellant to the boundary set forth in the latter's deed but denied the other allegations of the petition. He asserted title to the disputed strip in himself and set forth his deed in the pleading. He prayed that his title be quieted and for $250 damages for the cloud cast on it by appellant.

Appellant replied with a denial and by an amended reply alleged that appellee's title to the disputed strip was champertous. Appellee's denial of the affirmative allegation of the amended reply completed the pleadings.

The chancellor heard the three volumes of proof, viewed the premises, and adjudged that the petition be dismissed and title quieted in appellee. This appeal followed.

The properties now owned by appellant and appellee were formerly parts of a large tract owned by one G. V. Dycus and Sallie Dycus, his wife. Several lots, including the one now owned by appellee, were sold during the lifetime of Mr. Dycus. The land now owned by appellant was sold following the death of Mrs. Dycus, who survived her husband. A strip of land through this tract had been left open as a roadway and was never deeded to any one, unless, as appellant claims, it was

granted to him through certain language in his deed following the description of the property, which description does not embrace the roadway. That language is: "Being the same land in all respects owned by Sallie Dycus, deceased, at the time of her death." Appellant contends that since Sallie Dycus owned the roadway at her death it passed to him under this clause.

To so hold would place a strained construction on the language quoted above, which we think referred only to the land embraced by the description. It would have been but a task of the moment for the grantor to have included the roadway in the description had it been so intended. Appellant, in his brief, merely notes the contention. Little more need be said to dismiss it.

The evidence shows that appellee maintained a garden fence on his property generally parallel to the old roadway. He regarded this fence as his boundary line at the time he purchased the property but soon afterward was informed by a former owner of the property that his line extended farther out toward the roadway. Years later and just prior to this action he erected a fence along the boundary line described in his deed, which line was established by a survey. These two fences form two sides of the triangle embracing the land in controversy, the apex of which is at the south and the base of which is formed by extending appellee's north line. To sustain his contention of adverse possession and his claim by reason of champerty appellant introduced a number of witnesses. We deem it unnecessary to detail their testimony. Suffice it to say that it fails to meet the requirements of duration of time or continuity of possession to substantiate the plea of adverse possession. Neither does it show any act on the part of appellant or fact sufficient to indicate to appellee that appellant or any other person was in possession of the strip in question at the time appellee purchased the property. Therefore the plea of champerty cannot be upheld. Phillips v. American Ass'n, Inc., 259 Ky. 402, 82 S.W.2d 456 and cases therein cited.

The final contention of appellant and the one upon which he asserts a right to damages is that appellee, by bu'lding the new fence, has interfered with and virtually blocked a passway which appellant alleges has been in

existence for a period of 22 years prior to the filing of this action. Undoubtedly a passway amounting to a public road was established through the lands of appellant's and appellee's common antecedent in title, but that road has been abandoned by the public for many years and 22 years ago was closed by appellant himself at a location which is 7' north of the northerly boundary of the strip in question. To the west of appellee's property and bordering thereon lies Highway 68, which was under repair a few years after appellant closed the passway. During the period of time this highway was being repaired, and apparently without objection on any one's part, traffic was detoured through the land owned by the Palma Methodist Episcopal Church, which is adjacent to the northern boundary of appellee's property. This detour crossed a part of the strip in question. There is no satisfactory evidence that any other use has ever been made of this detour by the public; and since appellant's contention is based on a public rather than a private passway, we are of the opinion the chancellor correctly denied him the relief sought.

Judgment is affirmed.