**COX v. SPAINHOWER et al.**

Court of Appeals of Kentucky.
June 13, 1952.

L. D. Bruce, Russell, for appellant.

John F. Coldiron, Frank K. Warnock, Greenup, for appellee.

MOREMEN, Justice.

Appellant, Lee Cox, filed suit in the circuit court; alleged that appellee had erected a fence on appellant's land, and requested the court to quiet title in him to the strip of land upon which the fence was located. Appellee filed answer, denied that the fence was on land owned by appellant and averred that the deed through which appellant claimed title was champertous and void insofar as it attempted to convey the strip of land in dispute. Appellee asked the court to quiet title to it in him. The court quieted title in appellee to this strip of land which lies in an easterly direction from the fence. The appellant urges as grounds for reversal that his deed was not champertous and therefore the title to the disputed land should have been adjudged to be vested in him.

Originally the Williams Land Co. was the owner of all the land here involved, and about 10 years ago appellee, Spainhower, entered into a written agreement with the Williams Land Co. whereby it, under certain conditions, was to convey to Spainhower a 6 acre tract of land located on Pond Run Road, Raceland, Ky. The appellee, in 1943, built a fence along what he believed to be the western edge of this tract with the approval of the Williams Land Co.

In 1946, also with the approval of the Williams Land Co., appellee sold 2 acres from the eastern edge of this land to Rex Crum, and R. G. Carlon was employed to make a survey of the remaining 4 acres. Carlon discovered that if the fence was used as a western boundary of Spainhower's tract, the area between Crum's 2 acres and the fence would include 4¼ acres instead of the 4 acres which should remain after he had sold 2 acres to Crum. However, the grantor agreed to sell to appellee an additional ¼ acre and, on April 15, 1946, a deed, which included 4¼ acres, was executed and delivered to the appellee. This deed, after a particular description by metes and bounds, refers for specific description to a plat which had been prepared by Carlon as a result of his survey. An examination of this plat discloses that the fence line marks the western boundary.

On December 9, 1948, the Williams Land Co. conveyed to Ralph Watkins and his wife a tract of land located west of, and abutting appellee's tract. The eastern boundary of this tract was described in the deed as being the Spainhower line. A dispute arose between Watkins and Spainhower as to the correct location of the boundary line between their lands. Lee Cox knew of this controversy. On December 24, 1949, Watkins and his wife conveyed the tract of land owned by them to appellant.

It is admitted the fence stood in its present location at the time both Watkins and Cox took title and Watkins informed Cox that appellee would not agree to a line between the tracts. Subsection (1) of KRS 372.070 reads:

"Any sale or conveyance, including those made under execution, of any land, or the pretended right or title thereto, of which any other person has adverse possession at the time of the sale or conveyance, is void; but this section does not render void any devise of land in adverse possession."

In order to make a deed champertous and therefore void under the foregoing provision, it is not necessary that the possession be for any specific length of time

for it is sufficient if the possession is such as would have ripened into title by reason of its adverse character if it had continued uninterruptedly for the prescribed period. Phillips v. American Association, Inc., 259 Ky. 402, 82 S.W.2d 456.

The record contains sufficient proof to show that Spainhower, ever since the time he erected the fence upon assuming possession under a contract of sale and after he acquired title under a deed, which was recorded, held the land in controversy adversely to the world and that these facts were known both to appellant and his predecessors in title.

While it is true that the fence did not extend completely across the division line between the two properties, it did extend over half the distance and was, as the trial court found, sufficient to establish the direction of this boundary. In Rader v. Howell, 246 Ky. 261, 54 S.W.2d 914, 916, while construing K.S. 210, now KRS 372.070, we said:

"* * * possession under a recorded deed extends to the outside boundaries as defined in the deed, regardless of inclosure of only a portion, and such possession is adverse so as to render a deed thereto champertous. Lanham v. Huff, 228 Ky. 139, 14 S.W. 2d 402; * * *"

See also Edwards v. Clark, 261 Ky. 749, 88 S.W.2d 914.

We are of opinion that the deed was void so far as the overlap was concerned.

In addition, we are of opinion that appellant Cox did not establish paper title to the land in question and that appellee established title to the disputed territory by reason of the deed which he received from the common grantor.

There is conflict in the evidence as to whether or not the Williams Land Co. agreed in 1943 to sell to appellee land up to and including that marked by the fence along the western boundary. But there is no conflict concerning what the grantor agreed to do when deed was made to appellee in 1946, because that deed referred for a specific description to the plat made by Carlon. That plat showed the deed was

intended to convey land up to the fence, which was marked on the survey. It is admitted that this fence stood at its present location and in its present course at the time both Watkins and Cox took paper title to their portion of land which they received from the common grantor.

It is also true that the deed under which appellant and his predecessor took possession fixes the eastern boundary of the land as being the Spainhower line. Therefore we have a deed from the common grantor which fixes as we have shown by means of the plat, the fence as being the westerly line of appellees' tract and a subsequent deed from the same grantor which fixes the easterly line of the abutting tract by this same monument. Surveyors introduced by both parties testified that certain calls in both the deeds were incorrect as to distance and, since there is a conflict between the calls in the two deeds as to distance, the position of the fence must be accepted as the true monument to the division line. Karr v. Ray, 232 Ky. 767, 24 S.W.2d 609.

We are of opinion that appellant's deed was not only champertous insofar as the disputed strip of land is concerned, but that he failed entirely to show paper title to the land in controversy.

The judgment is therefore affirmed.